HELVERING, COMMISSIONER OF INTERNAL REVENUE *v.* LERNER STORES CORP. (MD.)

No. 248. Argued December 11, 1941.—Decided December 22, 1941.

*Mr. Richard H. Demuth,* with whom *Assistant Solicitor General Fahy, Assistant Attorney General Clark,* and *Messrs. J. Louis Monarch* and *William L. Cary* were on the brief, for petitioner.

*Mr. Andrew B. Trudgian* for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a companion case to *Scaife Co.* v. *Commissioner, ante,* p. 459. The tax in dispute is respondent's excess profits tax for the fiscal year 1937. Respondent filed a timely capital stock tax return for the first year, ended June 30, 1936, in which the declared value of its capital stock was stated to be $25,000. This return was filed September 27, 1936, an extension of time until September 29, 1936 having been obtained. The figure of $25,000 was

erroneous due to a mistake made by an employee of respondent. When the error was discovered, an amended return was tendered in which the declared value of the capital stock was given as $2,500,000. This was on January 27, 1937, more than sixty days after the statutory due date. The amount of the tax, penalty and interest on the higher amount was tendered. The amended return was not accepted and the amount of the remittance was refunded. Petitioner, in determining respondent's net income subject to the excess profits tax for the fiscal year ended January 31, 1937, used the declared value of $25,000 appearing in the original return. The order of the Board of Tax Appeals sustaining the Commissioner was reversed by the Circuit Court of Appeals. 118 F. 2d 455.

On the issue of timeliness of the amended return the decision in the *Scaife* case is determinative. The case for disallowance of the amendment is even stronger here, for the amended return was filed beyond the period for which any extension could have been granted by the Commissioner. The hardship resulting from the misplaced decimal point is plain. But Congress, not the courts, is the source of relief.

Respondent in its brief tenders another issue. It contends here, as it did before the Board and the Circuit Court of Appeals, that §§ 105 and 106 of the Revenue Act of 1935 constitute an unlawful delegation of legislative authority, contrary to Art. 1, § 8 of the Constitution; that they violate the Fifth Amendment; and that the capital stock and excess profits taxes, being "based on guesses and wagers," are beyond the delegated powers of Congress. The Board and the Circuit Court of Appeals ruled adversely to respondent on these constitutional issues. Respondent filed no cross-petition for certiorari. Yet a respondent, without filing a cross-petition, may urge in support of the judgment under review grounds rejected

by the court below. *Langnes* v. *Green,* 282 U. S. 531, 538–539; *Public Service Commission* v. *Havemeyer,* 296 U. S. 506, 509; *McGoldrick* v. *Compagnie Generale Transatlantique,* 309 U. S. 430, 434.

The constitutional issues, however, are without substance. As we noted in *Haggar Co.* v. *Helvering,* 308 U. S. 389, 391–392, 394, the capital stock tax and the excess profits tax are closely interrelated. The declared value of the capital stock is the basis of computation of both taxes. The declared value for the first year is the value declared by the corporation in its first return; the declared value for subsequent years [1] is the original declared value as changed by certain specified capital adjustments. Sec. 105 (f), Revenue Act of 1935, 49 Stat. 1014, 1018. The taxpayer is free to declare any value of the capital stock for the first year which it may choose. While a low declaration of value decreases the amount of the capital stock tax, it increases the risk of a high excess profits tax. On the other hand, a high declaration of value, while decreasing the tax on excess profits, increases the capital stock tax. By allowing the taxpayer "to fix for itself the amount of the taxable base" for purposes of computation of these taxes, Congress "avoided the necessity of prescribing a formula for arriving at the actual value of capital"—a problem "which had been found productive of much litigation under earlier taxing acts." *Haggar Co.* v. *Helvering, supra,* p. 394. See 1 Bonbright, Valuation of Property, pp. 577–594. "At the same time it guarded against loss of revenue to the Government through understatements of capital" by providing a formula which would in such circumstances result in an increase in the excess profits tax. *Haggar Co.* v. *Helvering, supra,* p. 394.

---

[1] There is no limitation of time on the use of the original declared value under the 1935 Act. It should be noted, however, that § 1202 of the Internal Revenue Code (see § 601 (f) of the Revenue Act of 1938, 52 Stat. 447, 566) provides that the "adjusted declared value

There is present no unlawful delegation of power. Congress has prescribed the method by which the taxes are to be computed. The taxpayer here is given a choice as to value. While the decision which it makes has a pronounced effect upon its tax liability, that is not uncommon in the tax field. Congress has fixed the criteria in light of which the choice is to be made. The election which the taxpayer makes cannot affect anyone but itself.

The contention that these provisions of the Act run afoul of the Fifth Amendment is likewise without merit. A claim of unreasonable classification or inequality in the incidence or application of a tax raises no question under the Fifth Amendment, which contains no equal protection clause. *LaBelle Iron Works* v. *United States*, 256 U. S. 377; *Sunshine Anthracite Coal Co.* v. *Adkins*, 310 U. S. 381, 401. The propriety or wisdom of a tax on profits, computed in reference to a specified criterion of value of capital stock, is not open to challenge in the courts. *LaBelle Iron Works* v. *United States, supra,* p. 393. That being true, there is no constitutional reason why Congress may not, because of administrative convenience alone (*Carmichael* v. *Southern Coal & Coke Co.*, 301 U. S. 495, 511 and cases cited), avoid litigious valuation problems and rely on the self-interest of taxpayers to place a fair valuation on their capital stock. As was stated in *Rochester Gas & Electric Corp.* v. *McGowan,* 115 F. 2d 953, 955, "To say that Congress could not choose a scheme implemented by such mild sanctions, as an alternative to actually computing an 'excess profits tax' with all the uncertainty and litigation which that had involved, would be most unreason-

---

shall be determined with respect to three-year periods beginning with the year ending June 30, 1938, and each third year thereafter." That adjusted declared value enters into the computation of the excess profits tax under §§ 600 and 601 of the Internal Revenue Code.

ably to circumscribe its powers to establish a convenient and flexible fiscal system."

Nor do we have here any lack of that territorial uniformity which is required by Art. I, § 8 of the Constitution. *LaBelle Iron Works* v. *United States, supra,* p. 392.

*Reversed.*