WESTLAND THEATRES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101391. Promulgated January 15, 1942.

*Ben S. Wendelken, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

OPINION.

STERNHAGEN: For the petitioner's excess profits tax of 1936 and 1937 the Commissioner has used the capital stock valuation of $144,-

063.27 which appeared on the return filed July 31, 1936. Petitioner demands the use of the valuation of $320,000 which appears on the return dated August 31, 1936, which it tendered for filing and which the collector did not accept.

In *Scaife Co.* v. *Commissioner*, 314 U. S. 459, and *Helvering* v. *Lerner Stores Corporation*, 314 U. S. 463, it was held that the capital stock value shown on the first return, even though it be the result of a clerical or other mistake, may not be changed by an amended return, irrespective of whether the amended return is tendered within or after the extension period. These decisions compel the approval of the Commissioner's determination in this proceeding.

The taxpayer contends that the return filed July 31, 1936, must be disregarded because it was unauthorized. The circumstances of the filing are shown in the findings. The petitioner repudiates the first return as an officiously executed document signed by two persons who were not officers of the corporation and were not specially authorized to represent it as officers, and filed by the auditor without authority. The evidence shows that neither of the two was a general officer of the corporation. But they had ample authority to prepare and file the return. The return was required by law to be filed within thirty days after the close of the fiscal year, and this the corporation and its officers are deemed to have known. It can not be supposed that the two persons who were placed completely in charge of the corporation's affairs were directed, actually or tacitly, to omit to file the return when due. Smullin, the auditor, had signed the previous returns as the chief accounting officer, together with a general officer, presumably with express authority, and he would naturally be expected to look after the proper filing. Federer was called from Pueblo to take charge of the operation of the business during the absence of the general officers. He was a temporary general agent, and his undertakings within the general or apparent scope of his authority may not be repudiated by the corporation. It would be intolerable under such circumstances to permit the corporation, after voluntarily placing itself in such a position, tendering a return ostensibly executed by authorized persons, to renege by saying that the return was not authorized and therefore not binding upon it. The collector was unaware of any lurking question as to authority and had no reason to doubt the efficacy of the filing. The taxpayer may not now profit from a technical defect of its own making.

The evidence shows no repudiation of the filed return until this petition was filed. Before August 11, 1936, the corporation requested the collector to accept an amended return showing the higher valuation, and made no suggestion of invalidity of the first return. If

the first return was then thought to be unauthorized and not merely an erroneous declaration of value, it would have been necessary to request, not permission to file an amended return, but permission to file a return after the statutory time had expired. Such permission, however, would not have been granted upon application made after the prescribed filing date, *Scaife Co.* v. *Commissioner, supra.*

The decisions in *Del Mar Addition* v. *Commissioner*, 113 Fed. (2d) 410, and *Jordan Creek Placers*, 43 B. T. A. 131, do not aid the petitioner. In both those cases the taxpayer was an organization the character of which as a statutory corporation was in doubt and the duty of which to file a capital stock tax return therefore not clear. As to such a taxpayer, it was held that delinquency in filing was not fatal, but involved only the delinquency penalty. The *Scaife* case, however, intimates no such mitigation in respect of a corporation which simply fails to file its capital stock tax return within the statutory thirty days or within such time fails to get an extension from the Commissioner. It can not be that a corporation which files a first return and fails to get permission to file an amended return, is to be put in a worse position than one which omits entirely to file a timely return. Cf. *Lee H. Marshall Heirs*, 45 B. T. A. 632.

Whether the July return be regarded as authorized or unauthorized, the result is the same—that there is no foundation for using the valuation of $320,000 declared on the August return.

*Decision will be entered for the respondent.*