## DR. SALSBURY'S LABORATORIES v. UNITED STATES.

### No. 12432.

Circuit Court of Appeals, Eighth Circuit.

Feb. 8, 1943.

C. F. Snerly, of Chicago, Ill. (C. G. Myers, of Chicago, Ill., A. R. Eggert, of Charles City, Iowa, and Myers & Snerly, of Chicago, Ill., on the brief), for appellant.

Paul S. McMahon, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., Tobias E. Diamond, U. S. Atty., of Sheldon, Iowa, and William B. Danforth, Asst. U. S. Atty., of Sioux City, Iowa, on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse a judgment dismissing the plaintiff's suit for refund of $2,942.98 claimed to have been illegally exacted from plaintiff as excess profits tax for the calendar years 1934 and 1935.

It appears that while the president of the taxpayer corporation was absent from the United States and on August 14, 1934, within the time provided by law, the taxpayer's treasurer executed, verified and filed with the Collector of Internal Revenue, the corporation's capital stock tax return for the taxable period June 30, 1934, in which the declared value of its capital stock was stated to be $25,000. A tax of $25 was indicated and was tendered with the return. According to the stipulation on the trial, the same treasurer, in the course of his duties in that office, had been authorized to and had also signed capital stock tax returns of the corporation for the taxable periods ended June 30, 1933, and June 30, 1935, and the plaintiff's corporation income and excess profits tax returns each calendar year from 1930 to 1935, inclusive, and had made oath to the same, together with the corporation's president who in all those years also signed the returns. Copy of the return filed August 14, 1934, for the year 1934 is not included in the record but there is no claim that it failed to conform to all of the requirements of the applicable law and regulations[1] in any respect except that it was signed and sworn to by the corporation's treasurer alone instead of by some "other principal officer, and by the treasurer or chief accounting officer," as provided by Article 95, Regulation 64 (1934 edition). The return and indicated tax of $25.00 were accepted by the Collector and the Commissioner of Internal Revenue without objection.

Thereafter, on November 27, 1934, nearly three months after the expiration of the thirty day period fixed by law for making the tax return, the taxpayer's president and one Kenneth L. Robson, as its chief

---

[1] Sections 701(a) (d) (f), 702(a); Int. Rev.Act 1934, 26 U.S.C.A. Int.Rev.Acts, pp. 787, 789; T.R. 64 (1934 ed.) Art. 42(a), Art. 92, Art. 95.

accounting officer, executed another document under oath purporting to be its capital stock tax return for the same 1934 period of June 30, 1934, and filed it with the Collector who accepted it without making objection at the time. The value of the taxpayer's capital stock was therein declared to be $240,000 and the amount of tax so indicated, together with an additional amount purporting to be penalty and interest, were tendered with the document. They were retained until rulings were made by the Commissioner, adjusting the corporation's tax on the basis of the return of August 14, 1934, resulting in the taxes for 1934 and 1935 paid under protest which are sought to be recovered by way of refund in this action.

The taxpayer's contention in the trial court and on this appeal is that the return of August 14, 1934, was not a valid return and may be treated as a nullity, and that its taxes for 1934 and 1935 should have been assessed on the basis of the return of November 27, 1934. It concedes that there was no right to amend or correct a return containing declaration of capital stock value after the lapse of the time allowed for the return, or on November 27, 1934, Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340; Scaife Co. v. Commissioner, 314 U.S. 459, 62 S.Ct. 338, 86 L.Ed. 339; Helvering v. Lerner Stores Corp., 314 U.S. 463, 62 S.Ct. 341, 86 L.Ed. 343, but contends that the document which was filed on that date should be deemed its first return, which it contends was its valid return, though belated and subjecting the taxpayer on that account to some penalty under Section 701(d), Revenue Act 1934, 26 U.S.C.A. Int.Rev.Acts, page 788, and Section 1103, Rev.Act 1926, 26 U.S.C.A. Int.Rev.Acts, page 316.[2] It is conceded that the plaintiff is entitled to the refund sued for if the tax was measurable by that return. The trial court decided that the return of August 14, 1934 was a valid return and that as it was "the only return filed by the corporation within the period limited by law for the making and filing of said return, that the same when accepted by the Collector of Internal Revenue became binding upon the taxpayer."

The applicable requirement of the statute in respect to the return in question was that it should be made "under oath" and that "Such return shall contain such information and be made in such manner as the Commissioner with the approval of the Secretary may by regulations prescribe." The regulations as promulgated include the requirement of filling out a form to supply desired information concerning the taxpayer's affairs as well as the requirement that the return must be sworn to by the president, vice-president or other principal officer, and also by the treasurer or assistant treasurer, and although the requirement of the oath of two officers upon the return was not beyond the Commissioner's power conferred by the statute, we think that the requirement of the regulation was one that was susceptible of being waived by the Commissioner in the exercise of his discretion in the administration of the Revenue Act. The blank form also required by the regulations to be filled out by the taxpayer is not in the record but it may be assumed that there was a difference in importance in respect to the items of information called for. There is a necessarily implied discretion in the Commissioner to waive imperfections in compliance with such regulations where the command of the statute has been obeyed. The applicable statute required only that the return of the taxpayer should be made "under oath", and the return of the taxpayer of August 14, 1934, was made "under oath" in that it was sworn to by the corporation's treasurer.

The Commissioner was guided in his rulings in this taxpayer's case by the opinion rendered to the Deputy Commissioner by the Assistant General Counsel, Robert H. Jackson[3] in an analogous case pending in the department, on July 24, 1935 (G.C. M. 15364). It there appeared that a capital stock tax return signed and sworn to by the cashier of the taxpayer bank, bearing the corporate seal, and transmitted with a check for payment of the capital stock tax,

---

[2] "Sec. 1103. * * * In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. In case a false or fraudulent return or list is willfully made, the Commissioner shall add to the tax 50 per centum of its amount."

[3] Now one of the Justices of the Supreme Court.

was filed August 17, 1934. Another return for the same period signed and sworn to by the president and the vice-president of the taxpayer but not bearing the corporate seal, and containing a higher declared value than that declared in the first return, was filed on November 15, 1934. It was contended that the vice-president was absent from the bank on account of illness at the· time of execution and filing of the first return, and that the declared value of the stock was erroneous. It was also contended that the return did not comply with the regulations with respect to execution of such returns and it was requested that the first return be set aside and that the second be accepted as the capital stock tax return of the taxpayer. It was sought to declare a higher value of the capital stock, which would increase the capital stock tax but decrease the excess profits tax. It was stated in the opinion:

"The statute here (section 701 of the Revenue Act of 1934), as in G.C.M. 12799, requires that such returns be made 'under oath'. The regulations applicable here [Article 95 of regulations 64 (1934 edition)], provide that the return must be sworn to by one of the duly authorized executive officers of the corporation and also by the treasurer, assistant treasurer, or chief accounting officer.

"In the opinion of this office the cashier of a bank is one of the officers specified in the foregoing regulations. The first return, signed and sworn to by the cashier, bearing the seal of the taxpayer and transmitted with a check in payment of the capital stock tax,· while it does not strictly comply with the requirement of the regulations that such returns must be executed by two of the officers specified, satisfies the statute and was accepted by the Department without objection. The omission [of the oath of the treasurer] therefore did not render the return invalid as the taxpayer's capital stock tax return for the period in question. (G.C.M. 12799, supra.)"

The cited opinion was of date January 27, 1934, and was in response to a memorandum of the Commissioner stating: "There are attached copies of returns filed by the A. Co. and the S.-G. Co., each of which has been sworn to by only one of the officers named in the regulations. This office has been accepting such returns as being in substantially proper form, but as many corporations are now attempting to amend the value originally declared on their returns, or to submit amended returns on the ground that the original returns were irregular or incomplete, some doubt exists as to whether the attached copies of returns are in proper form."

The Assistant General Counsel said:

"The function of the regulations, as the statute declares, is to prescribe the information that shall be included in a return and the manner in which the return shall be made. The express statutory requirement is that a return shall be made 'under oath.' The question here presented is not one which concerns the information to be included in a return, but whether a return, if otherwise in due form, is valid if signed and sworn to by one officer (the president) of a corporation without the additional verification of the treasurer or assistant treasurer as required by the regulations.

"Beyond doubt, a return so made may be rejected as an inadequate compliance with the regulations. Cf. United States v. Memphis Oil Company, 288 U.S. 62 [53 S.Ct. 278, 77 L.Ed. 619]. But in such a case, the only express statutory requirement, as above pointed out, is met by the affidavit of the president signing the return. If the return is accepted by the Department ·without objection, the failure of an additional officer· of the corporation to sign the return under oath will not, without more, render the return invalid, nor may the taxpayer thereafter found a claim based upon its own omission or take advantage of its own wrong. Cf. R. H. Stearns Company v. United States [291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647], decided by the Supreme Court on January 8, 1934."

While these opinions do not control as precedents in this court, we think the reasoning is sound and that neither the arguments nor the citations presented by appellant justify a contrary conclusion. Appellant's contention that its return of August 14, 1934, was a nullity because of its insufficient compliance with the regulation, though it met the requirement of the statute, would lead to the conclusion that failure to fill out any part of the blank form would have the same result and would leave the Commissioner without any administrative discretion. We find no support for it. Counsel stress Lucas v. Pilliod Lumber Co., 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829, 67 A.L.R. 1350; Plunkett v. Commissioner, 1 Cir., 118 F.2d 644; Flomot Gin Co. v. Commissioner, 40 B.T.A. 689, and Uhl Estate Co. v. Commissioner, 9 Cir.,

116 F.2d 403, but each is plainly distinguishable in its facts and none would justify reversal of the decision of the trial court.

Affirmed.