## H. W. CLARK COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110508.  Promulgated April 9, 1943.

*Harry I. Hannah, Esq.*, for the petitioner.
*David Altman, Esq.*, for the respondent.

OPINION.

LEECH, *Judge:* The contested deficiencies are proposed under the legislative authority of section 602 of the Revenue Act of 1938. That section provides, so far as pertinent here:

(a) If any corporation is taxable under section 601 with respect to any year ending June 30, there is hereby imposed upon its net income for the income-tax taxable year ending after the close of such year, an excess-profits tax * * *

Section 601 reads, in part:

(a) For each year ending June 30, beginning with the year ending June 30, 1938, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year, an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(d) Every corporation liable for tax under this section shall make a return under oath within one month after the close of the year with respect to which such tax is imposed to the collector * * *. The Commissioner may extend the time for making the returns and paying the taxes imposed by this section, under such rules and regulations as he may prescribe with the approval of the Secretary, but no such extension shall be for more than sixty days.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(f) (2) For each declaration year the adjusted declared value shall be the value, as declared by the corporation in its return for such declaration year (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending with or prior to the close of such declaration year (or as of the date of organization in the case of a corporation having no income-tax taxable year ending with or prior to the close of such declaration year).

The first issue is whether petitioner is subject to any liability for excess profits taxes for the taxable years. The answer to this question turns on whether the petitioner was "carrying on or doing business" during such years, as is provided by section 601 (a), *supra.*

The petitioner contends that it was not exercising its corporate privileges in its corporate capacity, as a principal, during that period because of its reorganization then being effected under section 77B of the National Bankruptcy Act under the jurisdiction of a District Court. It relies upon *United States* v. *Whitridge*, 231 U. S. 144;

*Reinecke* v. *Gardner*, 277 U. S. 239, and other similar cases, holding that corporations, while being operated by trustees or receivers appointed as agents of a court, are not "carrying on or doing business" within the meaning of section 601 (a), *supra*.

· Respondent, of course, concedes the authority of those cases as applied to their facts. His position is, however, that the facts here are effectively distinguishable from those in the cited cases. He argues that the petitioner, as a debtor in possession, continued the "carrying on" of its corporate business as a principal in its own right throughout the taxable years and that the conditions imposed by the orders of the court having jurisdiction of the 77B proceeding were merely restrictions and limitations thereon which fell short of ousting the corporation from the status of "carrying on" its business within the meaning of the statute. The authority cited as supporting this position is *United States Shipyards, Inc.* v. *Hoey*, 131 Fed. (2d) 525, and *National Motorship Corporation* v. *Hoey*, 131 Fed. (2d) 863. In the first mentioned case the Second Circuit Court of Appeals, on facts substantially identical with those existing here, decided that the United States Shipyards, Inc., during the taxable years, was "carrying on or doing business" and was thus liable for capital stock tax under section 105 (a) of the Revenue Act of 1935, as amended. That provision is the same for present purposes as section 601 (a) of the Revenue Act of 1938, *supra*.

Petitioner contends that those cases were wrongly decided and that, in any event, the present facts are distinguishable in that the debtor here was not left in possession, as such, during the reorganization, as the court found was so in the cited cases, but that Donald M. Clark and the board of directors were here, in effect, made trustees by the order of the bankruptcy court. We think, however, that the opinion of the Second Circuit in *United States Shipyards, Inc.* v. *Hoey, supra*, upon the authority of which *National Motorship Corporation* v. *Hoey, supra*, was decided, is sound. Moreover, in our opinion, the wording of the order of the bankruptcy court here, to which petitioner points as supporting its attempted distinction, is not significant. Petitioner, throughout the taxable years here, was being reorganized under section 77B of the National Bankruptcy Act, as amended, as was true in the cited cases. The order of the bankruptcy court here directed "That the Debtor Corporation continue in possession and operation of its property and business under and pursuant to the orders and directions of this Court." Nobody was designated as trustee therein. The court order upon the petition asking for the continuation of the operation of petitioner's business under the management of Donald M. Clark and petitioner's then board of directors directed that the corporation, not Clark and those members of the

board of directors, file its bonds for the faithful performance of the order of the court. The bond of the corporation was filed. And the corporation, as such, continued to conduct its business as principal and in its own right, as was intended by section 77B, subject to the restrictions imposed by the Federal court. See *United States Ship-yards, Inc.* v. *Hoey, supra.*

Upon the authority of that case we hold that petitioner was "carry-. ing on or doing business" within the purview of section 601 (a), *supra*, throughout both taxable years and, therefore, was subject to capital stock and the concomitant excess profits taxes.

The second issue is whether respondent erred in computing the contested excess profits taxes by using the value of petitioner's capital stock as declared in its original timely capital stock tax return filed for the first taxable year and that value, appropriately adjusted, for the second year, thus disregarding the declaration of capital stock value contained in the so-called amended capital stock tax return filed on November 14, 1940, for the first taxable year, and the adjusted capital stock value of $118,769.71, appearing in the so-called amended capital stock tax return filed on the same day for the second taxable year.

The position of the petitioner is that its capital stock tax returns for the taxable years filed November 14, 1940, were its original returns for those years and were timely. It attempts to support this position upon the authority of a mere office ruling of the Bureau of Internal Revenue, S. T. 702, XII-2 C. B. 405, 406, in which appears, *inter alia*, the following:

While some corporations may not be subject to the capital stock tax, every domestic corporation will be required to file a capital stock tax return on Form 707, with the exception of insurance companies subject to income tax under sections 201 and 204 of the Revenue Act of 1932. (See article 42, Regulations 64.) If exemption is claimed, the information part of the return, namely, items 1 to 8, inclusive, should be completed in detail. *Under item 9 no value need be declared, but a notation "exemption claimed" should be entered.* The return as thus prepared and duly executed should be filed with the collector of internal revenue accompanied by Form 717 which should clearly set forth the fact upon which the claim for exemption is based.

When the return is received by the Bureau the claim for exemption will be considered and if 'sustained the corporation will not be required to file a capital stock tax return for subsequent taxable years, provided its status remains unchanged. [Emphasis supplied.]

Petitioner argues only (1) that under the emphasized portion of the first quoted paragraph its declaration of capital stock tax value in its original return was surplusage and thus without effect, and (2) that under the last quoted paragraph, since its claim for exemption from capital stock tax for the two preceding years had been sustained and its status throughout the taxable years remained unchanged, peti-

tioner was under no duty to file a capital stock tax return for either of the taxable years and therefore the returns originally filed for the taxable years were surplusage and not binding.

Neither position is sound. Section 601 (d), *supra*, is unambiguous and mandatory. The return "shall" be filed "within one month after the close of the year with respect to which such tax is imposed," except that the Commissioner may extend such time, with the approval of the Secretary, for not more than 60 days. Equally clear is the legislative mandate in section 601 (f) (2), *supra*, that the value of capital stock upon which both the capital stock tax, under section 601, and the excess profits tax, under section 602, are computed, "shall be the value, as declared by the corporation in its return for such declaration year (which declaration of value cannot be amended) * * *."

Petitioner filed timely capital stock tax returns for both taxable years. In that for the first year it actually declared a value for its capital stock. That this value may have been erroneous is immaterial, since it was not corrected by a timely amended return. *Haggar Co.* v. *Commissioner*, 308 U. S. 389. In the original return for the second taxable year petitioner, without more, merely declared its "adjusted value of capital stock" which it there computed by using as a declared value for the capital stock as established by the return for the prior year, a figure other than that declared in the return for that year. This return likewise was not timely amended. Assuming, therefore, that the cited office ruling would be entitled to weight in this Court under other conditions, it is of no value to petitioner. If it were construed as effecting either of the results for which petitioner contends, one or the other of the quoted legislative mandates would be nullified. And, of course, such action is beyond the power of the respondent.

Respondent is affirmed on the second issue also. *Scaife Co.* v. *Commissioner*, 314 U. S. 459; *Helvering* v. *Lerner Stores Corporation* (Md.), 314 U. S. 463. Cf. *Haggar Co.* v. *Commissioner, supra.*

*Decision will be entered for the respondent.*