## DEGNAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10376.

Circuit Court of Appeals, Ninth Circuit.

June 29, 1943.

Wright, Innis & Simon, Raymond G. Wright, and Arthur E. Simon, all of Seattle, Wash., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall. Key, A. F. Prescott, Maryhelen Wigle, and Arthur Manella, Sp. Assts. to the Atty. Gen., for respondent.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Taxpayer petitions for review of a decision of the Board of Tax Appeals (now

the Tax Court of the United States) re-determining a deficiency of $224.51 in petitioner's income tax for the year 1939.

Petitioner, Degnan and one Toivo J. Rosander entered into the partnership of Degnan and Rosander. The partnership acquired a metal mine in Alaska and de-rived the first items of income and incurred the first items of deductible expense with respect to the property subsequent to the date of acquisition, May 12, 1938.

Pursuant to an agreement of the partners the net income of the partnership for 1938 was distributed to Degnan. He filed a timely individual income tax return for the calendar year 1938, reporting all income from and claiming deductions re-lating to the metal mine. No deduction for depletion was included. The other partner, Rosander, also filed a timely individual return for 1938, showing no income and no deduction with reference to the mining property.

Although no request for an extension of time to file had been made or granted, a 1938 return for the partnership was not filed until September 18, 1940. Fifteen per cent of the gross income from the Alaskan mine, or $810.00, was one of the deductions claimed. The face of the return contained the statement: "We elect to take depletion on basis of 15% of gross as provided by law."

A timely partnership return for the year 1939 was filed on March 29, 1940. It too included a deduction of fifteen per cent of the reported gross income from the mine, or $5,110.30, and alleged: "Election is hereby made to take depletion on the per-centage basis as provided in Section 114

(B) (4) Revenue Act of '32 and '34." Neither partner in his individual return for 1939 included any item for depletion with respect to the property.

The Commissioner determined a defici-ency of $224.51 against the partnership for the year of 1939 on the ground that no election permitting the computation of de-pletion on the percentage basis had been made pursuant to § 114(b) (4). The Board of Tax Appeals upon a stipulation of the facts reached an opinion in accord with that of the Commissioner. Degnan seeks reversal.

The case involves the interpretation of applicable clauses of § 114(b) (4) of the Revenue Act of 1938, 26 U.S.C.A. Int. Rev.Code § 114(b) (4) [1], which permits a depletion allowance in the case of metal mines of fifteen per cent of the gross in-come from the property, requires a tax-payer to elect the percentage depletion method of computation in his "first return * * * in respect of a property" and provides that in the absence of such an election the percentage method will not be considered. Whichever system of com-putation is first selected under the section will prevail in subsequent years. The de-pletion allowance constitutes a deduction in computing net income under § 23(m) of the Revenue Act of 1938, 26 U.S.C.A. Int. Rev.Code § 23(m).

The question for determination is: Must the "first return" be filed within the period fixed for filing the return (ex-tensions included) to permit the taxpayer the privilege of taking the depletion allowance? Petitioner argues for a com-pletely literal interpretation of the section

---

[1] § 114(b) (4) of the Revenue Act of 1938:

"Sec. 114. Basis for depreciation and depletion

* * * * *

"(b) Basis for depletion

* * * * *

"(4) Percentage depletion for coal and metal mines and sulphur. The allow-ance for depletion under section 23(m) shall be, * * * in the case of metal mines, 15 per centum, * * * of the gross income from the property during the taxable year. * * * A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the tax-able year for which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpay-er fails to make such statement in the return the depletion allowance for such property for such year shall be comput-ed without reference to percentage deple-tion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the prop-erty for all taxable years in which it is in the hands of such taxpayer, or of any other person if the basis of the property (for determining gain) in his hands is, under section 113, determined by reference to the basis in the hands of such taxpayer, either directly or through one or more substituted bases, as defined in that section * * *."

and declares that since it includes no mention of time, a delinquent return should be a sufficient medium for a valid election. The government replies that in order to sustain the purpose of demanding an election, there must be latent in the section the requirement of a timely return.

We consider the "first return" of the partnership herein, not the 1939 return which was chronologically first, but the delinquent 1938 return. Article 23(m)-5, Treasury Regulations 101, promulgated under the Revenue Act of 1938, contains the definition: "For the purpose of this article the taxpayer's first return under Title I of the Act in respect of a property is the return made under that title for his first taxable year (beginning after December 31, 1937) for which he has any item of income or deduction with respect to such property." The same description is included in regulations promulgated under the Revenue Acts of 1934 and 1936 and under the Internal Revenue Code, and therefore it is the recipient of legislative approval, Helvering v. R. J. Reynolds Tobacco Co., 306 U.S. 110, 116, 59 S.Ct. 423, 83 L.Ed. 536; Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 74 L.Ed. 457. The partnership in the instant case derived its first items of income and incurred its first deductible expenses in 1938 causing its "first return" to be its 1938 return filed September 18, 1940.

The description of an alternative system of computing depletions as an income tax deduction is accomplished by § 114(b) (4). The purpose of requiring an election in the "first return" is to establish permanently the method of computing depletion and thereby to avoid any confusion that might result from the permitted use of a second system. It is true that both the section and the regulations are silent as to the time within which the "first return" must be filed. However, reason and practicality .dictate that the section contemplates a return as defined by § 53 of the Revenue Act of 1938, 26 U.S. C.A. Int.Rev.Code, § 53, that is, a return filed on or before March 15th following the close of a calendar year or within any extended period of time granted by the Commissioner.

Petitioner's argument would permit a taxpayer to postpone indefinitely the filing of his "first return" thereby accomplishing personal benefit and administrative con-fusion. He could delay until retrospective deliberation indicated definitely whether cost or percentage depletion would be most to his advantage. Such a course is obviously contrary to the intent of a statute requiring a taxpayer to choose his procedure after his first year of operations and to follow the same procedure every year thereafter. The course is condemned in J. E. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 59, 61 S.Ct. 95, 97, 85 L.Ed. 36, where the Supreme Court in connection with the same statute comments: "If petitioner's view were adopted, taxpayers with the benefit of hindsight could shift from one basis of depletion to another in light of developments subsequent to their original choice. It seems clear that Congress provided that the election must be made once and for all in the first return in order to avoid any such shifts."

A tardy return would mean that the Bureau of Internal Revenue could not consider final or accurate returns for intervening years, for each is governed by the election made in the "first return." Perplexity and complexity would prevail. Mother Lode Coalition Mines Co. v. Commissioner, 317 U.S. 222, 227, 63 S.Ct. 179, 87 L.Ed. ——; J. E. Riley Inv. Co. v. Commissioner, 9 Cir., 110 F.2d 655, 657.

In the Riley Investment Co. case this court held that a "first return" was a return made before the expiration of the statutory period for filing returns or of any extension of time granted. There, in its 1934 return the petitioner, justifiably unaware of a corresponding provision of the Revenue Act of 1934, made no election as to the method of computing its depletion allowance with respect to its gold mining business. Approximately a year later, it filed an amended return for 1934 claiming percentage depletion and a refund. The Ninth Circuit opinion expressly excluded from its scope an amended return filed within the statutory or extended period and implied that such a return could contain a valid election. In affirming the decision, the Supreme Court adopted much the same reasoning, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36. It too was not concerned with the problem of a timely amended return, for it remarked on page 58, of 311 U.S., on page 96, of 61 S.Ct., 5 L.Ed. 36: "Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340, would compel the conclusion that had the amended return been filed within the period allowed for

filing the original return, it would have been a 'first return' within the meaning of § 114(b) (4)." More recently, the Supreme Court has twice decreed that an amended return filed after the expiration of the unextended or statutory due date is not a "first return" in connection with the declaration of capital stock value, Scaife Co. v. Commissioner, 314 U.S. 459, 62 S.Ct. 338, 86 L.Ed. 339; Helvering v. Lerner Stores Corp., 314 U.S. 463, 62 S.Ct. 341, 86 L.Ed. 343. In the Riley opinions it is evident that both the Supreme Court and this court considered principally the fact that the election had been made in a delinquent return. That it was stated in an amended return was considered unimportant, for both agreed that an election in an amended but timely return would be operative. Excluding the amendment feature, the Riley case is closely analogous to the instant case.

We believe that § 114(b) (4) contemplates an election of percentage depletion in a timely return. Since no timely return was filed by the partnership herein containing its choice, the statutory mandate that in the absence of an election the percentage depletion system will not be followed became controlling. Therefore, the Commissioner properly computed the depletion deduction on a cost basis and correctly assessed a deficiency.

Affirmed.