## COMMISSIONER OF INTERNAL REVENUE v. ALTA MINES, Inc.

### No. 2769.

Circuit Court of Appeals, Tenth Circuit.

Dec. 24, 1943.

---

Carlton Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Samuel H. Levy, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Carl J. Sigfrid, of Denver, Colo., for respondent.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The question is whether under section 114(b) (4), Title 26, Internal Revenue Code 1940 ed., 26 U.S.C.A. Int.Rev.Code, § 114(b) (4), the deduction of respondent for depletion for the fiscal year ended March 31, 1940, should have been computed on the basis of cost or percentage.

The statute provides that in the case of metal mines the taxpayer making his first return under the chapter "in respect of a property" shall state whether he elects to have his allowance for depletion computed with or without regard to percentage depletion; that the allowance shall be computed according to the election thus made; that in the event the taxpayer fails to make such statement in the return, the allowance shall be computed without reference to percentage; that the method of computation, once determined in that manner, shall be applied in the case of the property for all taxable years in which it is in the hands of the taxpayer, or of any other person if the basis of such property in his hands for purposes of determining gain is the same as that of the taxpayer; and that such right of election shall be considered as a continuation of like provisions contained in earlier revenue acts. And section 19.23(m)–5, Treasury Regulations 103, promulgated under the Internal Revenue Code, provides that for the purpose of the statute, the taxpayer's first return "in respect of a property" is the return for the first taxable year for which he has any item of income or deduction with respect to such property.

Respondent was incorporated in July, 1936; it is engaged in the business of mining and concentrating gold, silver, and other metals; its accounting period ends on March 31st of each year; and its books of account are kept on an accrual basis. Its first return was for the fiscal year ended

March 31, 1937, and was filed on May 18, 1938. It failed to show any items of gross income or deductions and did not contain any statement of election concerning the method of computing the allowance for depletion. An affidavit was attached to the return, stating that respondent did not carry on any operations except the construction of mill buildings and mine development work prior to March 31, 1937, that it had no income, and that for such reason no return was filed. A return was seasonably filed for the fiscal year ended March 31, 1938. It recited that it covered the first period of operation of the properties and contained the statement that respondent elected to have its depletion allowance computed on the percentage basis. Depletion for that fiscal year was recorded on the books of respondent; it was not deducted in the return since the return showed a net loss; but the balance sheet as of the end of the year reflected the deduction. In the return for the fiscal year ended March 31, 1939, a deduction for depletion was claimed but the method used in computing it was not disclosed. And in the return for the fiscal year ended March 31, 1940, a deduction for depletion was claimed, based on cost. The Commissioner of Internal Revenue allowed a deduction, computed on the basis of percentage of adjusted gross income, and a deficiency resulted. On redetermination, the Tax Court sustained respondent; and the Commissioner sought review.

■ The deduction for depletion in the case of metal mines is allowed as a matter of legislative grace, and a taxpayer seeking to invoke the provisions of the statute authorizing it must bring himself within the provisions of the statute. New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172; Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29; Helvering v. Ohio Leather Co., 317 U.S. 102, 63 S.Ct. 103.

■ Section 114(b) (4), supra, gives to a taxpayer engaged in the business of mining metals the right to elect whether his allowance for depletion shall be computed with or without regard to percentage. But it does not stop there. It requires that the election be made in his first return in respect of a property, provides that where an election is made in that manner depletion

for that and subsequent years shall be computed according to the election, and provides further that on failure to make the election in the manner indicated, the allowance for that and subsequent years shall be computed without reference to percentage. The first return in respect of a property, within the meaning of the statute, is the first return listing items of gross income and deductions arising out of the property. Mother Lode Co. v. Commissioner, 317 U.S. 222, 63 S.Ct. 179; Degnan v. Commissioner, 9 Cir., 136 F.2d 891. And the first return containing such items is the return referred to whether it discloses net income subject to tax, or otherwise. Mother Lode Co. v. Commissioner, supra.

■ Here, the return of respondent for the year ended March 31, 1937, failed to contain any items of income or deduction arising out of the operation of the property and therefore it was not the first return in respect of such property. Mother Lode Co. v. Commissioner, supra; Degnan v. Commissioner, supra. Moreover, it was delinquent as to time of filing, and for that reason an effective election could not have been made in it. Riley Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36; Commissioner v. Titus Oil & Investment Co., 10 Cir., 132 F.2d 969; Degnan v. Commissioner, supra.

■ The first year in which respondent had items of income and deductions arising out of the operation of its mining property was the year ended March 31, 1938. The return for the year was seasonably filed and it contained an election to have the allowance for depletion computed on the percentage basis. That was the first return "in respect of the property," within the meaning of the statute. Mother Lode Co. v. Commissioner, supra; Degnan v. Commissioner, supra. And the election contained in it foreclosed respondent from changing at will to the cost basis for the subsequent year. Scaife Co. v. Commissioner, 314 U.S. 459, 62 S.Ct. 338, 86 L.Ed. 339; Helvering v. Lerner Stores Co., 314 U.S. 463, 62 S.Ct. 341, 86 L.Ed. 343; Degnan v. Commissioner, supra.

■ In the return for the year in question, respondent deducted a certain amount for expenses; the Commissioner disallowed the deduction; and respondent also sought redetermination of that action. The Tax Court did not determine the issue re-

lating to that deduction. Instead, it expressly refrained from expressing any opinion concerning it. And respondent did not appeal or perfect a cross appeal from the decision. Therefore it is unnecessary to consider the question on review. Commissioner v. Death Valley Railroad Co., 9 Cir., 62 F.2d 160.

The decision is reversed and the proceeding remanded to the Tax Court.