## BURFORD OIL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11484.

Circuit Court of Appeals, Fifth Circuit.

Feb. 21, 1946.

R. T. Thornton, of Fort Worth, Tex., for petitioner.

Robert N. Anderson, A. F. Prescott, and Lee Jackson, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bur. Int. Rev., of Washington, D. C., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves deficiencies in income tax for the years 1940 and 1941.

The questions presented and upon which decision must turn are as follows:

(1) Did taxpayer's original and declared value excess profits tax return for 1939, which was signed by *only* the treasurer of the corporation, constitute a return within the meaning of Section 19.23(m)—16(d) of Treasury Regulations 103, and Section 52(a) of the Internal Revenue Code?

(2) Did the Commissioner by holding the return for nearly five years waive any defects as to its manner of execution?

(3) Did the amended return for 1939, filed March 13, 1941, constitute such return as is required by the regulation?

The facts important for decision are these: On March 15, 1940, taxpayer filed for the first time with the Collector of Internal Revenue for the District of Oklahoma its corporation income and excess profits tax return for the calendar year 1939. The return was not signed and sworn to by the president of the corporation, but by the treasurer only.

On March 13, 1941, what purported to be an amended return for income and excess profits tax for the calendar year 1939 was made out and filed. No extension of time had been granted for the filing of such return. It was signed and sworn to by G. E. Burford, president of taxpayer, and one Campbell, as secretary, who was at that time also treasurer.

On March 13, 1941, taxpayer also filed with the Collector of Internal Revenue for the second District of Texas its corporate income, declared value excess profits, and defense tax return for the calendar year

1940. This return took drilling and development expenses into the computation and showed, as excess profits net income, a loss of $19,168.35.

On March 4, 1942, taxpayer filed with the same Collector its corporation income and declared value excess profits tax return for the calendar year 1941, showing, as express profits net income, a loss of $46,-470.81.

Excess profits tax returns were not filed for the calendar years 1940 and 1941.

The first year within which the taxpayer could make an election to charge to expense intangible drilling and development costs was the calendar year 1939. No written election to charge intangible drilling development costs to either expense or capital was attached by taxpayer to either return filed for that year.

The Commissioner determined that taxpayer was not entitled to deduct intangible drilling and development costs for 1940 and 1941 for the reason that he had failed to make an effective election. Without the benefit of these deductions the taxpayer had excess profits net income for the years in question. The Commissioner's decision *was affirmed by the Tax Court on the* ground that the return filed for 1939 was not a valid return within the meaning of Treasury Regulation 103, Sec. 19.23(m)-16(d), which provides: "* * * Any taxpayer who has never made expenditures for drilling oil or gas wells prior to the first taxable year beginning after December 31, 1938, must make an election as to intangible drilling and development costs in general in the return for the first taxable year in which the taxpayer makes such expenditures, * * *. * * * * A taxpayer is considered to have made an election in accordance with the manner in which the respective types of optional items are treated (1) in his return for the first taxable year ending after December 31, 1924, in which optional expenditures of the respective types are or were made. * * * *"

■ Section 52 of the Internal Revenue Code [1] sets out the requirements for a tax return in mandatory language. It provides that the return shall be sworn to by the president, vice preisdent, or other principal officer *and* by the treasurer, assistant treasurer, or chief accounting officer. It is without dispute that taxpayer failed to comply with this provision, and the conclusion of the Tax Court wherein the return is condemned is supported by decision. Lucas v. Pilliod Lumber Co., 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829, 67 A.L.R. 1350; Plunkett v. Commissioner, 1 Cir, 118 F.2d 644, 649; Uhl Estate Co. v. Commissioner, 9 Cir., 116 F.2d 403. Cf. Dr. Salsbury's Laboratories v. United States, 8 Cir., 133 F.2d 641.

■ The method of exercising the election to expense or capitalize these costs is provided by regulation. The Commissioner could not, by waiver, alter the plain requirements of the regulation and statute. Lucas v. Pilliod Lumber Co., 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829, 67 A.L.R. 1350.

■ The taxpayer's contention that the amended return for 1939, filed March 13, 1941, was merely a correction of the erroneous calculation of the first return, is without merit. The plain mandate of the statute is that the election should be made in the return for the first taxable year. No provision is made for an election by an untimely amended return. It seems clear that the regulation calls for an election to be made once and for all in the first return and not at a subsequent date when conditions have changed and the taxpayer may benefit by the alternate method of reporting such costs. J. E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36; Boone County Coal Corporation v. United States, 4 Cir., 121 F.2d 988; Commissioner v. Titus Oil & Investment Co., 10 Cir., 132 F.2d 969; Degnan v. Commissioner, 9 Cir., 136 F.2d 891, certiorari denied 320 U.S. 778, 64 S.Ct. 93, 88 L.Ed. 467.

■ The motion of petitioner to assign an additional ground of error whereby it seeks to escape the penalty assessed is also without merit The evidence wholly fails

[1] "Sec. 52. Corporate returns.
"(a) Requirement. Every corporation subject to taxation under this chapter shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this chapter and such other information for the purpose of carrying out the provisions of this chapter as the Commissioner with the approval of the Secretary may by regulations prescribe. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer, assistant treasurer, or chief accounting officer." 26 U.S.C.A. Int.Rev.Code § 52(a).

to disclose any reasonable cause for failure to make the return provided by the statute. The burden of showing reasonable cause was upon taxpayer. He failed to discharge that burden. West Side Tennis Club v. Commissioner, 2 Cir., 111 F.2d 6, 9, 130 A. L.R. 103; Commissioner v. Lane-Wells Co., 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684; Southeastern Finance Co. v. Commissioner, 5 Cir., 153 F.2d 205.

We find no reversible error in the record, and the decision of the Tax Court is affirmed.