Russell **BARTLEY** et al., Plaintiffs,

v.

Robert H. **FINCH**, Secretary of Health, Education and Welfare, and the United States of America, Defendants.

No. 1264.

United States District Court,
E. D. Kentucky,
Pikeville Division.

April 27, 1970.

Ronald W. May, Pikeville, Ky., for plaintiffs.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendants.

Before COMBS, Circuit Judge, and MOYNAHAN and SWINFORD, District Judges.

## MEMORANDUM

SWINFORD, District Judge.

The plaintiffs bring this action under the provisions of Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). It is brought as a class action under the provisions of Rule 23(a), (b), Rules of Civil Procedure. The named defendants are Robert H. Finch, Secretary of Health, Education and Welfare, and the United States of America. The plaintiffs ask that a three-judge court be impaneled to pass on the question of the constitutionality of Section 224 of the Social Security Act (42 U.S.C. § 424a) and that the defendants be permanently enjoined from making off-sets required by that Section. They further demand that the court mandatorily direct the defendants to reimburse the plaintiffs and all members of the class for any amounts previously off-set and withheld from each of them as individuals.

■ The defendants raise the question that the complaint does not allege grounds on which a statutory three-judge court could be constituted. In the prayer of the complaint, a three-judge court is demanded on the authority of 28 U.S.C. § 2282. The question was passed upon by the presiding judge to whom the case was first presented and on his decision a three-judge court was duly selected and properly appointed by the Chief Judge of the Sixth Circuit. We conclude that this is a question under the statute for a three-judge court and proceed to determine the issues presented by the record.

■ The first question raised is the right to make the United States of America a party defendant to an action of this kind since it seeks a permanent injunction restraining the enforcement, operation or execution of an Act of Congress for repugnance to the Constitution of the United States. It is our opinion that a three-judge court may proceed to pass upon all questions raised by the record including the question of jurisdiction. We are of the opinion that the United States is not a proper party to this action. Under its sovereignty, it is immune from any action except those to which it expressly consents. No such statutory authority is alleged by the plaintiffs. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; Honda v. Clark, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244.

■ The court is further of the opinion that this is not a proper action against the defendant Robert H. Finch, Secretary of Health, Education and Welfare. The manner and method of granting individuals relief under the Social Security Act are expressly provided by the terms of the Act. It is an administrative procedure and can only be brought into the federal district court by its expressly legislative procedural provisions. It does not appear that these steps have been taken by the plaintiffs or any of them.

Title 2 of the Social Security Act establishes the only method of bringing any decision with respect to the rights of the claimant to benefit payments into a court proceeding. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides that when the administrative procedure before the Secretary of the Department of Health, Education and Welfare has been fully completed and the relief sought has been finally denied, the claimant within 60 days after the mailing to him of notice of such decision or in such further time as the Secretary may allow shall bring an action in the District Court of the United States for the judicial district in which the plaintiff resides. The court may then pass upon the correctness of the decision of the Secretary applying well defined rules of law and determine whether or not the claimant is entitled to a judgment against the Department notwithstanding the Department's denial of the claim administratively. An appeal may be taken by either the claimant or the Secretary from this ruling and judgment of the district court to the appellate court. Since there is no other prescribed statutory procedure, all questions including the one now before this court which seeks to test the constitutionality of a section of the Social Security law can be made by following the provisions of Section 223 of the Act, 42 U.S.C. § 423, and a final adjudication as to its validity can be ultimately determined. Social Security Board v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718. The only right of action which the plaintiffs have is that derived from the statute. Consequently, the express provisions of the statute must be strictly observed. These procedural rights were available to all the plaintiffs and all members of the class which they allege they represent. It must be borne in mind that whatever remedies are available must be timely exhausted administratively before this court can have jurisdiction.

■ Notwithstanding our conclusion that the court is without jurisdic-

tion to entertain this action, we will proceed to discuss and express our judgment on the ultimate issue which the plaintiffs seek to have determined; that is, the constitutionality of Section 224 of the Social Security Act. This Section was added to the law as a part of the Social Security Amendments of 1965 and became effective January 1, 1966. It is claimed by the plaintiffs that it is in conflict with the Fifth Amendment of the Constitution of the United States in that it provides for a reduction in disability benefits to those who have been administratively determined to be beneficiaries under the federal Social Security law who are receiving periodic Workmen's Compensation benefits by having the amount of the compensation benefits deducted from the Social Security payments. It is contended that this is unconstitutional because the law does not provide for similar deductions for all other persons receiving similar Social Security benefits who also receive private insurance benefits. The court concludes that this position is untenable and that there is no conflict between this Section of the statute and any provision of the Constitution of the United States. In enacting the Social Security Act, the Congress was under no obligation to exhaust all possible sources of income which beneficiaries of the federal Social Security legislation might receive in addition to their benefits whether from a private health and accident insurance policy or from any other arrangement. It would serve no purpose to belabor the point by reviewing the step by step parliamentary procedure which resulted in the final enactment into law of the Social Security statutes. It is not for this court to question the legislative branch of the government in why it did or did not do certain things and make certain provisions in the law. This court accepts and respects the time proven efficacy of the doctrine of separation of powers. It assumes that before this important legislation was finally culminated into law that both houses of the Congress held numerous committee hearings, had advice of acknowledged experts and with voluminous statistical information on the general welfare and need of the country came to the considered opinion that the law was necessary and that certain provisions must be incorporated in order to make it effective for the purpose for which it was intended. Counsel for the defendants has filed a lengthy brief in which is incorporated references and quotations from committee hearings of the Congress. These documents are not readily available to the court, but statements made in defendants' briefs are accepted as accurate. Aside from this, however, the court feels assured that the committees of Congress very thoroughly and exhaustively studied the question. See Currin v. Wallace, 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441; Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435; United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757. Social Security benefits are paid to replace lost earnings and not in the nature of compensation which with other compensations have been found to result in a beneficiary receiving for disability more than he was earning before he became disabled. Such a circumstance in the opinion of the Congress was a departure from the spirit and intent of the Social Security law and needed remedial legislation. This resulted in the enactment of the statutory provision in question. On page 4 of the defendants' reply brief there appears the following footnote:

"1 It is interesting to note that, according to evidence given at the 1965 hearings, in 70 percent of the 50 states and the District of Columbia, the combined workmen's compensation and social security disability benefits payable to a worker with a wife and two children would be greater than his take-home pay while working. Senate Finance Committee Hearings on H.R. 6675 (1965), p. 151."

We must hold that Section 224, 42 U.S.C. § 424a, does not contravene the Due Process Clause of the Fifth

Amendment to the Constitution. This Amendment does not contain an "equal protection clause". Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884; Helvering v. Lerner Stores Corp., 314 U.S. 463, 62 S.Ct. 341, 86 L.Ed. 343. The plaintiffs' complaint should be dismissed and an order to that effect is this day entered.