ESTATE OF FREDERICK L. FLINCHBAUGH, SECOND NATIONAL BANK OF WILKES-BARRE, PA., EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108754.   Promulgated February 24, 1943.

*Vivian O. Hill, Esq.,* for the petitioner.
*Eugene G. Smith, Esq.,* for the respondent.

654

OPINION.

Tyson, *Judge:* The principal question for our decision is whether petitioner properly exercised its option to value the property of the decedent's gross estate as of one year after the decedent's death, as provided by section 302 (j) of the Revenue Act of 1926, as added by section 202 (a) of the Revenue Act of 1935. Under that section the executor of a decedent's estate, instead of valuing the property of the estate as of the date of the decedent's death, may value it as of one year after the decedent's death if he "so elects upon his return (if filed within the time prescribed by law or prescribed by the Commissioner in pursuance of law)  *  *  *." Section 304 of the Revenue Act of 1926, as amended by section 403 of the Revenue Act of 1934, provides that "The executor shall also, at such times and in such manner as may be required by regulations made pursuant to law, file with the collector a return under oath in duplicate  *  *  *."  Article 11 of Regulations 80, applicable to subdivision (j) of section 302, provides, in part, that "The election is available to the executor only at the time the return is filed, and only if the return is filed within 15 months from the decedent's death."  Article 63 of Regulations 80 provides, in part, that "If placed in the mails the return should be posted in ample

time to reach the collector's office, under ordinary handling of the mails, on or before the date on which the return is required to be filed."

Petitioner contends that the return in question was filed on time because the requirements of the regulations as to mailing were fulfilled. It also claims that the return should be considered as having been sworn to *nunc pro tunc* because the return was always in the possession of the collector after being received by him. It further claims that the statute granting the valuation option should be interpreted liberally in favor of giving the relief intended by Congress. Respondent contends that petitioner is not entitled to the election in question because the return was not filed on time and was not properly verified by petitioner.

We are of the opinion that respondent's determination must be upheld because the return was not sworn to until after its due date. The election as to valuation is granted by the statute only if it is made on a return *under oath* within the time and in the manner prescribed by the regulations. The return was due on July 23, 1938. We need not consider whether the mailing of the purported return on that date would constitute a proper filing under section 304 as amended, *supra*. Even if such mailing would constitute a proper filing under that section, the purported return was not the return required, since it was not verified, *Plunkett* v. *Commissioner*, 118 Fed. (2d) 644. The words of the statute in this connection, "shall * * * file * * * under oath," are mandatory. That this is so is indicated by the Supreme Court in *Lucas* v. *Pilliod Lumber Co.*, 281 U. S. 245, wherein it is said:

That the so-called return of May 31, 1919, unsupported by oath, did not then meet the definite requirements of section 239 is manifest. * * *

* * * * * * * *

* * * The return so long as it remained unverified by oath of proper corporate officers did not meet the plain requirements.

See also *Uhl Estate Co.* v. *Commissioner*, 116 Fed. (2d) 403; *Plunkett* v. *Commissioner, supra;* and *Robert A. Burns*, 47 B. T. A. 34.

The opportunity to elect to value property of a decedent's estate as of one year after the decedent's death is one "of legislative grace" and therefore must be made in the manner and in the time prescribed by Congress. To permit petitioner the right of election by means of a return not sworn to, as required by the statute, would be to assume a legislative function. See *Riley Investment Co.* v. *Commissioner*, 311 U. S. 55. Cf. *Scaife Co.* v. *Commissioner*, 314 U. S. 459. This, of course, we cannot do.

While this interpretation may work a hardship, it is "no ground for relief by the courts from the rigors of the statutory choice which

Congress has provided." See *Riley Investment Co.* v. *Commissioner*, *supra.* Cf. *Scaife Co.* v. *Commissioner, supra.*

The second issue is whether petitioner is subject to the penalty determined by respondent. Section 3176 of the Revised Statutes, as amended by section 1103 of the Revenue Act of 1926, imposes a 25 percent penalty in case of failure to file a return within the time prescribed by law, or by respondent or the collector in pursuance of law, except when it is shown that such failure was due to a reasonable cause and not to willful neglect. In lieu of this 25 percent penalty, section 406 of the Revenue Act of 1935 imposes a 5 percent penalty if the failure is for no more than 30 days.

Section 403 of the Revenue Act of 1934 requires a return to be filed under oath. If it is not under oath it is not the kind of return required to be filed on time. *Robert A. Burns, supra.* In this connection the court in *Uhl Estate Co.* v. *Commissioner, supra,* said:

> However lightly some persons may deem the taking of an oath in verification of an accounting, Congress must have regarded as necessary for tax assessment and collection that the taxpayer assume the risk of a charge of perjury as a sanction for great care in his return. Congress must have considered it an essential aid to the Commissioner of Internal Revenue in determining the many doubtful and border line items of an account. To fail to give the Commissioner such a required aid is a proper reason for the penalty.

Here, a verified return due on July 23, 1938, was not filed until July 25, 1938. It is not shown that there was reasonable cause for the delinquency and that the delinquency was not due to willful neglect. *Rogers Hornsby*, 26 B. T. A. 591. Cf. *Gus V. Winston*, 22 B. T. A. 1194. Accordingly, we sustain respondent's assertion of a 5 percent penalty.

*Decision will be entered under Rule 50.*