BURFORD OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1499.  Promulgated January 24, 1945.

*R. T. Thornton, Esq.*, and *Claude Collard, C. P. A.*, for the petitioner.
*D. Louis Bergeron, Esq.*, for the respondent.

## OPINION.

DISNEY, *Judge*: The first question is whether the petitioner had a right to deduct intangible drilling and development costs for the years 1940 and 1941. This depends upon whether it had elected to do so "in the return for the first taxable year in which the taxpayer makes such expenditures," within the language of Regulations 103, section 19.23 (m)–16, issued under the specific authority contained in section 23 (m) of the Internal Revenue Code.[1]

The parties agree that petitioner "never made expenditures for drilling oil or gas wells prior to the first taxable year beginning after December 31, 1938"; that the first taxable year in which the taxpayer made such expenditures was the calendar year 1939; and that, therefore, the first year as to which the petitioner could make an election to expense or capitalize intangible drilling and development costs was the calendar year 1939. It is also admitted that petitioner failed to attach to any return which it filed for 1939 "a clear statement of his election under each of the options, together with a statement of the time at which, and the manner in which, such election was made," as required by the regulation. The failure on the part of the petitioner to attach such a written election to its return has, however, been held

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(m) DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary. &ast; &ast; &ast;

not to be fatal. *Commissioner* v. *Sklar Oil Corporation* (5th Cir.), 134 Fed. (2d) 221 (affirming a memorandum opinion of the Board).

Section 52 (a) of the Internal Revenue Code requires that a corporation return be sworn to by the president, vice president, or other principal officer *and* by the treasurer, assistant treasurer or chief accounting officer. These requirements are mandatory and can not be waived. *Kavanagh* v. *First National Bank of Wyandotte*, 139 Fed. (2d) 309, 312; *Estate of Frederick L. Flinchbaugh*, 1 T. C. 653, 655; *Uhl Estate Co.* v. *Commissioner*, 116 Fed. (2d) 403, 406. Here, the return for 1939, filed on March 15, 1940, was signed and sworn to by the treasurer only.

We are of the opinion, therefore, that petitioner's return filed March 15, 1940, is not a "return" under section 52 (a), therefore not a "return for the first taxable year" within the meaning of section 19.23 (m)–16 (d) of Regulations 103. *Lucas* v. *Pilliod Lumber Co.*, 281 U. S. 245; *Plunkett* v. *Commissioner*, 118 Fed. (2d) 644, 649; *Uhl Estate Co.* v. *Commissioner, supra; Commissioner* v. *Krug*, 78 Fed. (2d) 57. We therefore do not pass upon whether anything therein contained could constitute an effective election if contained in a valid return.

We do not consider that *Dr. Salsbury's Laboratories* v. *United States*, 133 Fed. (2d) 641, requires a contrary conclusion. Therein the court distinguishes that case from *Lucas* v. *Pilliod Lumber Co., supra; Plunkett* v. *Commissioner, supra;* and *Uhl Estate Co.* v. *Commissioner, supra.* Moreover, that case involved section 701 (d) of the Revenue Act of 1934, dealing with capital stock tax. *Zellerbach Paper Co.* v. *Helvering*, 293 U. S. 172, does not involve that part of the statute requiring that the return "shall be sworn to by the president, vice president, or other principal officer and by the treasurer, assistant treasurer, or chief accounting officer."

Did the income tax return for 1939, filed March 13, 1941, constitute the return required by the regulation? Being signed and sworn to by the president and secretary, who was treasurer, it complied in that respect. But it was filed long after the expiration of the ordinary filing date required by section 53 (a) (1) of the Internal Revenue Code,[2] and not within any period of extension which might have been granted under section 53 (a) (2). In our opinion, *Joe Degnan*, 47

---

[2] SEC. 53. TIME AND PLACE FOR FILING RETURNS.

(a) TIME FOR FILING.—

(1) GENERAL RULE.—Returns made on the basis of the calendar year shall be made on or before the 15th day of March following the close of the calendar year. Returns made on the basis of a fiscal year shall be made on or before the 15th day of the third month following the close of the fiscal year.

(2) EXTENSION OF TIME.—The Commissioner may grant a reasonable extension of time for filing returns, under such rules and regulations as he shall prescribe with the approval of the Secretary. Except in the case of taxpayers who are abroad, no such extension shall be for more than six months.

B. T. A. 899; affd., 136 Fed. (2d) 891; certiorari denied, 320 U. S. 778, requires a holding that the late filing is not sufficient election under the regulation. That case holds that a corporation may not, in a return filed out of time, elect to take percentage depletion under section 114 (b) (4) of the Revenue Act of 1938 and the Internal Revenue Code. We see no distinction in the present situation. See also *Riley Investment Co.* v. *Commissioner*, 311 U. S. 55; *Commissioner* v. *Titus Oil & Investment Co.*, 132 Fed. (2d) 969; and *Boone County Coal Corporation* v. *United States*, 121 Fed. (2d) 988. We hold that the petitioner did not by a timely and valid return, within the regulation, elect to treat intangible drilling and development costs as expenses in its return for 1939, the first taxable year it incurred such expenses, and was, therefore, not entitled to deduct them in its returns for 1940 and 1941.

Under the above conclusion the petitioner was not entitled, in computing income for 1941, to any operating loss deduction for 1939 and 1940, depending upon deduction of the intangible drilling and development costs above discussed.

Likewise, it follows that the petitioner is liable for a 25 percent penalty on excess profits taxes for the calendar years 1940 and 1941 for failure to file excess profits tax returns. Without the benefit of the deductions above denied by us, the petitioner had excess profits net income in those years. It was required to file returns under section 729 of the Internal Revenue Code, as added by section 201, Second Revenue Act of 1940, and section 291, Internal Revenue Code, provides the penalty unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect. No such showing has been made. The petitioner does not discuss the point in its briefs. Any belief that the returns were not necessary is not sufficient to discharge the penalty. *West Side Tennis Club*, 39 B. T. A. 149, 160; affd., 111 Fed. (2d) 6; certiorari denied, 311 U. S. 674. No error is shown in the addition of the 25 percent penalty.

*Decision will be entered under Rule 50.*