Estate of Fred B. Fisk, Deceased, Edna E. Fisk, Executrix v. Commissioner.
Estate of Fred B. Fisk v. Commissioner
Docket No. 26483.
United States Tax Court
1952 Tax Ct. Memo LEXIS 341; 11 T.C.M. (CCH) 77; T.C.M. (RIA) 52018; January 28, 1952
Donald G. Tripp, Esq., 1423 Ford Bldg., Detroit, Mich., for the petitioner. Cyrus A. Neuman, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The taxes in controversy are federal estate taxes of the Estate of Fred B. Fisk, deceased, in the amount of $3,353.16, together with a five per cent penalty for failure to file a timely return in the amount of $477.61. The questions involved are: (1) whether the estate tax return was timely filed and the estate therefore entitled to exercise the optional valuation privilege provided in section 811 (j) of the Internal Revenue Code; and (2) whether the respondent erred in adding to the tax a five per cent penalty for failure to file a timely estate tax return under *342 section 3612 (d) of the Internal Revenue Code. Findings of Fact Some of the facts have been stipulated, are so found, and the stipulation incorporated herein by reference. Decedent was a resident of the Village of Jonesville, Michigan. He died on April 21, 1946. His widow, Edna E. Fisk, is the appointed executrix of his estate. The federal estate tax return for the estate of Fred B. Fisk was filed with the collector of internal revenue for the district of Michigan at Detroit, Michigan. An envelope addressed to the collector of internal revenue at Detroit, Michigan containing the decedent's estate tax return was accepted for mailing by the post office at Hillsdale, Michigan, on July 21, 1947, prior to 3 p.m. The envelope was duly registered by the Hillsdale post office. In the ordinary course of events mail destined for Detroit, Michigan received by the Hillsdale post office on July 21, 1947 prior to 3 p.m. would be taken by Star Route to Jackson, Michigan and thence dispatched in a direct mail pouch to Detroit by train leaving Jackson at approximately 1 a.m. on July 22, 1947 and arriving in Detroit at approximately 2:35 a.m. the same day. The envelope *343 containing the estate tax return would then be picked up by a representative of the collector's office at Detroit at the main post office in the Federal Building there, together with other registered mail, during the morning of July 22, 1947. The estate tax return involved in this proceeding was received by the office of the collector of internal revenue in Detroit, Michigan on July 22, 1947. The executrix of decedent's estate employed an attorney, a member of the Michigan Bar, practicing at Hillsdale, Michigan, to act as attorney for the estate. The attorney so employed was engaged in the general run of country law practice. He had been prosecuting attorney of Hillsdale County and city attorney for Hillsdale, Michigan. He had also been a member of the Michigan State Legislature. He did not make a specialty of tax matters and had not handled many such matters. He prepared the federal estate tax return here in question and placed the same in the mails after consulting the respondent's regulations pertaining to the preparation and filing of federal estate tax returns. In the statement accompanying the deficiency letter respondent held that a timely estate tax return was not filed *344 under the provisions of section 821 (b), Internal Revenue Code, and that the optional method claimed in valuing the gross estate is not allowable under the provisions of section 811 (j) of the Internal Revenue Code. It was also explained that a five per cent ad valorem penalty was added to the tax in accordance with section 894 (a) and section 3612 (d) (1) of the Internal Revenue Code. Opinion Petitioner claims to be entitled to the "optional valuation" election provided for in section 811 (j), Internal Revenue Code. However, section 81.11 of Regulations 105, applicable to section 811(j), requires that in order to be effective, the election must be made on the return filed within 15 months from decedent's death or within the period of any extension of time. Section 81.63 of Regulation 105, also applicable to section 811(j), provides, in part, that: "* * * The return on Form 706 must be filed in duplicate within 15 months after the date of death. The due date is the day of the fifteenth calendar month after the decedent's death numerically corresponding to the day of the calendar month *345 in which death occurred, * * * If placed in the mails the return should be posted in ample time to reach the collector's office, under ordinary handling of the mails, on or before the date on which the return is required to be filed. If a return is made and placed in the mails in due course, properly addressed, and postage paid, in ample time to reach the office of the collector on or before the due date, the filing will not be regarded as delinquent should the return not be actually received by such officer until subsequent to that date. * * *" We see no escape for petitioner from the position taken by respondent. The return here was neither filed within 15 months after the date of death nor mailed in ample time to reach the collector's office in the ordinary handling of the mails on or before the due date. The decedent died on April 21, 1946. The return was due July 21, 1947. The facts show that while the return was actually placed in the mails on the due date it could not, and did not, in ordinary course, reach the collector's office until July 22, 1947, one day late. No extension of time is here claimed or involved. Mere mailing does not qualify as "filing". See Frank A. Gray, 16 T.C. 262; *346 Poynor v. Commissioner, 81 Fed. (2d) 521. Petitioner's reliance on William Howard Doriss, 3 T.C. 219, appears misplaced for there the Court concluded "that the return was mailed in ample time to reach the office of the collector on the due date and was therefore timely filed within the meaning of the controlling regulation." [Italics supplied]. No such conclusion is possible here. Petitioner also argues that the loss of the privilege of optional valuation should be treated as a penalty from which she is to be relieved upon showing reasonable cause for failure to comply with the statute. We have held, however, in Estate of Frederick L. Flinchbaugh, 1 T.C. 653, that "The opportunity to elect to value property of a decedent's estate as of one year after the decedent's death is one "of legislative grace" and therefore must be made in the manner and in the time prescribed by Congress. * * *" The election is for the benefit of the taxpayer, granted only if he complies with the statutory requirements. The books are full of cases, too numerous to require citation, declaring that taxpayers who seek to take advantage of privileges granted by the *347 tax laws must strictly meet the statutory requirements or lose the privilege. Petitioner, as we view it, has not met the requirements. The return was not "filed within the time prescribed by law or prescribed by the Commissioner in pursuance of the law" (Section 811(j)). Accordingly, the statutory election is not available to petitioner. Estate of Henry S. Downe, 2 T.C. 967. Cf. Estate of Frederick L. Flinchbaugh, supra. We now turn to the addition of the five per cent ad valorem penalty. This Court had said that in order to avoid such penalties it must be shown that the tardy filing was due to a reasonable cause and not to wilful neglect. "Both conditions must exist". Rogers Hornsby, 26 B.T.A. 591. The evidence on this phase of the case is meager. We know that petitioner turned the preparation and filing of the estate tax return over to an attorney. How long before the due date that was done is not shown. The attorney had had but a limited experience with tax matters, but he did consult respondent's regulations before preparing and mailing the return. No explanation is offered as to why mailing was put off until the due date. The most *348 we can say is that possibly the attorney assumed that if he mailed the return on the due date it would be treated as having been timely filed. On the facts before us we hold that petitioner has not shown that the failure to file within the time prescribed by law was due to a reasonable cause and we approve respondent's action in adding the five per cent penalty. Decision will be entered for the Respondent.