**EAST COAST EQUIPMENT COM-PANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 11342.

United States Court of Appeals Third Circuit.

Argued May 6, 1955.

Decided May 24, 1955.

Morris L. Weisberg, Philadelphia, Pa. (Harry Norman Ball, Philadelphia, Pa., on the brief), for petitioner.

Elmer J. Kelsey, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GOODRICH and HASTIE, Circuit Judges, and MILLER, District Judge.

GOODRICH, Circuit Judge.

This appeal from the Tax Court presents two points. One has to do with taxpayer's tax for 1946 and involves a question under section 44 of the Internal Revenue Code of 1939. The other point affects taxpayer's tax liability for 1948 and involves a deduction for a bad debt loss. The Tax Court decided against the taxpayer on both points and it appeals. See East Coast Equipment Co. v. Commissioner, 1953, 21 T.C. 112.

### I. 1946 Tax.

The 1946 tax turns upon the nature of a transaction by the taxpayer with a con-

cern called Contractors Acceptance Corporation. The taxpayer is a dealer in construction equipment. During the tax year it sold to customers items of its merchandise. It took back agreements denominated "leases" under which the "lessee" was to have title to the equipment if he wished as and when final payment was made. The Tax Court concluded that these transactions constituted "installment sales" and the taxpayer, at this stage of the litigation, does not contend otherwise.

Then the taxpayer turned over some of this paper to Contractors Acceptance Corporation. If the transaction by which the turnover was made was a pledge for a loan the taxpayer is entitled to the benefit of section 44(a) of the statute.[1] On the other hand, if the transaction was a sale then section 44(d) applies and the gain or loss is to be included in the 1946 tax, the year when the transaction occurred.[2] The Tax Court found the transaction to be a sale.

█ There is no doubt in our minds that this was a conclusion justified by the evidence. The words of the document in which the transaction was set out use language of sale. The Contractors Acceptance Corporation treated the transaction as a purchase. That Corporation did not lend money to the taxpayer and the taxpayer had no unconditional obligation to repay. The taxpayer executed no notes nor did it pay interest and financing charges. The point the taxpayer most heavily makes is that along with the transfer of this installment paper to Contractors Acceptance it executed an agreement by which it guaranteed payment of the obligations thus transferred. It promised to make good defaults and, if a default continued long

enough, promise to pay the defaulter's remaining obligation. Somehow or other it is thought that the fact that the transferor had an obligation to make good if the principal debtor defaulted is incompatible with the sale.

It is very easy to prove the contrary to this contention. Consider the obligation of the seller of a chattel whose sale is accompanied by a warranty. He certainly must make good if the warranty fails. Consider, likewise, the obligation of the endorser of a negotiable promissory note. He warrants to all subsequent holders in due course "that on due presentment, it shall be * * * paid * * * according to its tenor, and that if it be dishonored * * * he will pay the amount thereof to the holder * * *." Negotiable Instruments Law, § 66. If the holder of a note sells it, endorsing it to the purchaser as he does so, it could hardly be seriously argued that the fact that he has this contingent liability makes the transaction a loan and not a sale.

The Tax Court was right. For further authority see Elmer v. Commissioner, 2 Cir., 1933, 65 F.2d 568; Alworth-Washburn Co. v. Helvering, 1933, 62 App. D.C. 322, 67 F.2d 694.

## II. 1948 Tax.

As to its obligation for 1948 tax, the taxpayer wants credit for an alleged loss in a transaction with another corporation. The taxpayer did business with a concern called Frantz Tractor Company. In March, 1948, Tractor was indebted to the taxpayer in the amount of some $67,-000. Frantz Tractor Company had in its possession four promissory notes of a corporation called Seaboard Construction Company. Seaboard's four notes,

1. 26 U.S.C.A. § 44(a) provides: "* * * a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized

when payment is completed, bears to the total contract price."

2. 26 U.S.C.A. § 44(d). "If an installment obligation is * * * sold * * * gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of * * * a sale or exchange—the amount realized * * *."

in Tractor's possession, aggregated $48,-500. In March, Tractor delivered the Seaboard notes to the petitioner endorsed in blank together with its own note in the amount of $18,000. in settlement of the debt of $67,000. owed by Tractor to the taxpayer. At the time of the transaction the Seaboard notes were worth no more than $10,000. Tractor was at the time a solvent and operating company, according to the findings of fact. East Coast sold the Seaboard notes for $10,000. and claims a deduction for the difference between the face value of those notes and what it got for them.

The Tax Court made short work of this claim. It was found as a fact that the transaction between petitioner and Tractor "was not a bona fide settlement of an indebtedness, but a device to shift Tractor's loss on the Seaboard notes to the petitioner." 21 T.C. at page 118.

■ The taxpayer attacks this finding as not justified by the evidence. We do not think this attack is justified. Seaboard, Tractor and East Coast were all controlled by the same people.[3] People are entitled to have as many corporations as they want, of course, but when relationships are as close as these, intercorporation transactions are subject to rather close scrutiny if the result is to effect tax obligations.

■ Aside from this point, however, there is another one which to us seems perfectly clear. Tractor endorsed these notes in blank as it turned them over to the taxpayer. Tractor was, and this was found as a fact, a solvent and operating concern. Petitioner made no effort to collect the Seaboard notes from either Seaboard or Tractor. One cannot claim a loss in a transaction where a solvent person is liable to make good any possible loss which the transaction might otherwise occasion. Allen-Bradley Co. v. Commissioner, 7 Cir., 1940, 112 F.2d 333.

The decision of the Tax Court will be affirmed.

---

3. The following is found as a fact:
"During the taxable years 1946 through 1948 the stockholders of the petitioner and the number of shares held by each of them were as follows:

"The stockholders of Frantz Tractor Company and the percentages of stock held by each during the years 1946 to 1948, inclusive, were as follows:

"The stockholders of Seaboard Construction Company and the percentages of stock held by each during the years 1946 to 1948, inclusive, were as follows:

