FOURTH AND RAILROAD REALTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43809. Filed December 13, 1955.

*Martin M. Lore, Esq.,* for the petitioner.
*Norman A. Peil, Jr., Esq.,* for the respondent.

OPINION.

MULRONEY, *Judge:* Petitioner makes the argument that it was not a personal holding company in 1944 within the meaning of section 501 (a) of the 1939 Internal Revenue Code. This section provides that the term "personal holding company" means any corporation (1) with more than 50 per cent in value of its outstanding stock owned, directly or indirectly at any time during the last half of the taxable year, by or for not more than five individuals, and (2) 80 per cent of whose gross income for the taxable year is "personal holding company income" as defined in section 502. Section 502 lists several categories of income which are deemed to be personal holding company income, but we are concerned here only with subsection (f), which provides that the term "personal holding company income" means "amounts received as compensation (however designated and from whomsoever received) for the use of, or right to use, property of the corporation in any case where, at any time during the taxable year, 25 per centum or more in value of the outstanding stock of the corporation is owned, directly or indirectly, by or for an individual entitled to the use of the property; whether such right is obtained directly from the corporation or by means of a sublease or other arrangement."

It is clear that the ownership requirements of section 501 (a) (1) are met. Two stockholders, Katherine Mirabelli and Emma Mirabelli, owned all the stock of the petitioner in 1944. These same two stockholders were also members of the partnership, Mario G. Mirabelli & Co., which leased petitioner's factory for manufacturing purposes. While the lease was to the partnership, it is the individual partners who, for purposes of section 502 (f), are entitled to the use of the leased property. *Randolph Products Co.* v. *Manning*, 176 F. 2d 190; *O. Falk's Department Store, Inc.*, 20 T. C. 56. Since Katherine Mirabelli and Emma Mirabelli, each owning more than 25 per cent of petitioner's stock, were individuals entitled to the use of its property, the rental income received by petitioner constituted personal holding company income under section 502 (f).

Petitioners, however, seek to limit the application of section 502 (f) to cases of nonbusiness use of nonbusiness property. We can discover no support for this interpretation, either in the statute itself, or in the legislative history. This same argument has been considered in prior cases and decided contrary to petitioner's contention. *Hatfield, Inc.* v. *Commissioner*, 162 F. 2d 628; *O. Falk's Department Store, Inc., supra.* We are not persuaded that a different conclusion should be reached here. Nor does section 223 of the 1950 Revenue Act, which

makes section 502 (f) inapplicable to "rents received during taxable years ending after December 31, 1945, and before January 1, 1950, if such rents were received for the use by the lessee, in the operation of a bona fide commercial, industrial, or mining enterprise, of property of the taxpayer," help the petitioner in any way. Congress chose to grant this relief only for the years mentioned with no intimation that years other than these were to be affected. See *O. Falk's Department Store, Inc., supra.* We conclude that petitioner, during the taxable year 1944, was a personal holding company, as defined in section 501, and that it was liable for the surtax imposed by section 500.

The next issue is whether there was a proper imposition of a penalty under section 291 of the 1939 Internal Revenue Code for failure to file a timely personal holding company return for the taxable year 1944. Section 291 imposes a maximum 25 per cent penalty for failure to file a timely return "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." The return was filed late and the petitioner has the burden of establishing reasonable cause. *Wm. J. Lemp Brewing Co.*, 18 T. C. 586.

Where a taxpayer relies in good faith upon the advice of reputable counsel no penalty will be imposed. *East Coast Equipment Co.*, 21 T. C. 112, affd. 222 F. 2d 676. Reliance of this nature constitutes reasonable cause. However, it is essential to show that the counsel who gives such advice is in possession of all relevant information. *Mayflower Investment Co.*, 24 T. C. 729; *Wm. J. Lemp Brewing Co., supra.* Commissioner has recognized this rule in Revenue Ruling 172, 1953–2 C. B. 226, which declares that the delinquency penalty under section 291 will not be asserted where there is "reliance in good faith" upon the advice of reputable counsel "to whom all relevant information has been furnished."

Petitioner seeks to bring itself within this line of authorities through the testimony of its president, Mario G. Mirabelli. The president's testimony on this subject was very brief, and somewhat vague. He said his accountant or bookeeper, Mr. Rucco, "brought up the question" of whether a personal holding company return should be filed. He then said "we call in Mr. Longobardi and I ask him (and) Mr. Longobardi say to file regular income tax of the corporation and not a personal holding company." He said Mr. Longobardi was petitioner's attorney "for years" and a member of the New Jersey bar, and that he was "familiar with the operations of the petitioner" and had drawn the lease of the premises owned by the company to the partnership. On cross-examination it was brought out Mr. Longobardi became petitioner's attorney in 1942 or 1943, and the witness could not tell when his conversation with him took place. There is no

clear evidence that Mr. Longobardi knew or was told about the stock ownership of the petitioner—a vital fact in determining the personal holding company question.

We cannot accept this meager and inconclusive evidence as establishing reasonable cause for petitioner's failure to file the personal holding company return within the doctrine of the cases where there was good faith reliance upon advice of reputable counsel. We do not have to accept the uncorroborated story of the witness—a story which is self-serving, seemingly susceptible of corroboration if true, and not very plausible. As bearing upon the plausibility of the story it seems to us rather improbable that reputable counsel, if asked the specific question with respect to the necessity of filing a personal holding company return, would, knowing the two stockholders with 100 per cent of the stock were lessees of the corporation's property, ever give an opinion that no personal holding company return need be filed. We conclude that petitioner does not show reasonable cause for its failure to file a timely personal holding company return for the taxable year 1944, and that the 25 per cent penalty imposed by section 291 is applicable.

Respondent seeks an additional 25 per cent penalty under section 291 on the ground that petitioner's income tax and declared value excess-profits returns filed for the taxable year 1944 were not proper returns within the meaning of section 52 (a) of the 1939 Internal Revenue Code. Section 52 (a) specifies that a "return shall be sworn to by the president, vice president, or other principal officer and by the treasurer, assistant treasurer, or chief accounting officer." Petitioner's return was signed only by Mario G. Mirabelli as president. However, he testified that the petitioner had a full complement of officers and that the return for the previous year was signed by two. Several cases are cited by petitioner for the proposition that substantial compliance is all that is necessary under section 52 (a). But we do not read them as holding that the signature of one officer is, by itself, substantial compliance. In *Consolidated Apparel Co.*, 17 T. C. 1570, reversed in part on other issues 207 F. 2d 580, no penalty was imposed where the corporate return was signed only by the president. However, we pointed out that the signer there "was in fact both president and treasurer." In *Lucas* v. *Pilliod Lumber Co.*, 281 U. S. 245, where the president and the secretary were the signers, the Court "found that to all intents and purposes the assistant secretary was the assistant treasurer." *J. F. Anderson Lumber Co.*, 15 B. T. A. 475, and *Ethel D. Co.*, 27 B. T. A. 25, are to the same effect. In *Burford Oil Co.*, 4 T. C. 613, affd. 153 F. 2d 745, where the corporate return was signed only by the treasurer, we upheld the penalty, indicating that the requirements of section 52 (a) were mandatory. See also *Uhl Estate Co.*, 40 B. T. A.

1223, affd. 116 F. 2d 403. We do not believe that petitioner's president here actually performed the duties of treasurer as well as those of president so as to meet the requirements of section 52 (a). Furthermore, petitioner has not shown reasonable cause for its failure to file a proper return. We conclude petitioner did not file a corporation income and declared value excess-profits tax return as required by section 52 (a) and that, absent a showing of reasonable cause, the 25 per cent penalty under section 291 is applicable.

*Decision will be entered for the respondent.*