ESTATE OF IDA WILLIAMS, ALEXANDER HENTON WILLIAMS, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Williams v. Commissioner
Docket No. 25089-82.
United States Tax Court
T.C. Memo 1984-178; 1984 Tax Ct. Memo LEXIS 492; 47 T.C.M. (CCH) 1479; T.C.M. (RIA) 84178; April 10, 1984. Craig A. Van Matre, for the petitioner. Ronald L. Long, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined a deficiency of Federal estate tax against petitioner in the amount of $26,810, together with an addition to the tax of $1,870 *494 under the provisions of section 6651(a). [1] The present case was calendared for trial at St. Louis, MO., on a trial calendar beginning November 28, 1983. Prior to that time, respondent filed a motion for partial summary judgment. When the motion came on for hearing at the above trial session of the Court, the parties filed a stipulation of facts, together with certain joint exhibits, and represented to the Court that, all other issues between the parties having been settled, the respondent's motion for partial summary judgment could be treated as a motion for full summary judgment on the one remaining issue, viz, whether, under the agreed facts in this case, petitioner was entitled to value certain farm real property in decedent's estate under the alternative valuation provisions of section 2032A. The case was argued and submitted to the Court on that basis. [2]
*495 The material and relevant facts, as disclosed by the pleadings and the stipulated facts and exhibits follow. Petitioner's decedent, Ida Williams died on January 9, 1980, a resident of Vandalia, MO. A Federal estate tax return for her estate was mailed to respondent at Kansas City, MO., on November 5, 1980, and was received by respondent on November 7, 1980. The due date for said return was October 9, 1980. The failure to timely file the estate tax return was due to the reliance of petitioner's executor, Alexander Henton Williams, upon the attorney retained by the estate, who had erroneously marked on his personal calendar a due date of November 9, 1980, for this return, rather than October 9, 1980. On the Federal estate tax return, as filed, petitioner sought to elect the special use valuation provided by section 2032A with respect to certain parcels of real property which were returned as part of Schedules A and G of such return. Also attached to the estate tax return was an election by the executor to pay the Federal estate tax in installments pursuant to the provisions of section 6166A, an application for extension of time to file said return, pursuant to section 6018, *496 and an application for extension of time to pay the estate tax, pursuant to section 6161. The ordinary fair market value of the real estate in question, for Federal estate tax purposes, was $265,500 at the date of decedent's death. The special use valuation of said real estate, if such special valuation is permitted under section 2032A, was $188,934. Respondent did not grant petitioner's application for extension of time to file, nor for extension of time to pay. Furthermore, upon audit of the estate tax return, respondent determined that petitioner was not eligible to claim the special use valuation of section 2032A with respect to said real property because, inter alia, the Federal estate tax return had not been timely filed. Respondent likewise disallowed petitioner's claimed election to pay the Federal estate tax in installments pursuant to section 6166A. [3] Respondent's statutory notice of deficiency was accordingly issued. *497 At the time of petitioner's timely filed petition herein, petitioner's address was Vandalia, Missouri. The petition clearly raised the issue of petitioner's right to elect the provisions of section 2032A, and also put in issue respondent's failure to allow petitioner to elect installment payment of the tax under section 6166A. [4]
As it existed in 1980, the relevant portion of section 2032A read as follows: (d) Election; Agreement.-- (1) Election.--The election under this section shall be made not later than the time prescribed by section 6075(a) for filing the return of tax imposed by section 2001 including extensions thereof), and shall be made in such manner as the Secretary shall by regulations prescribe. Likewise, respondent's applicable regulation provides in pertinent part: (3) Time And Manner Of Making Election. An election *498 under this section is made by attaching to a timely filed estate tax return the agreement described in paragraph (c)(1) of this section and a notice of election which contains the following information: * * *. [Section 20.2032A-8(a)(3), Estate Tax Regs. Emphasis added.] In the instant case, decedent's estate tax return was due to be filed not later than October 9, 1980. Section 6075(a). It is therefore clear that the Federal estate tax return in this case was not filed within the time prescribed by law, and, accordingly, the election under section 2032A was not available to petitioner. In 1981, Congress amended section 2032A(d)(1) to allow the election to be made on the first estate tax return, whether or not timely filed. Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 421(j)(3), 95 Stat. 312. Unfortunately for petitioner, however, this amendment is expressly made applicable only to estates of decedents who died after December 31, 1981. Pub. L. 97-34, sec. 421(k)(1), 95 Stat. 313. Accordingly, this later statutory amendment affords petitioner here no relief. Petitioner further urges that the election in the instant case should be allowed, since petitioner's *499 executor, a layman of limited education and not versed in the intricacies of the estate tax law, relied upon his attorney to attend to the timely filing of the necessary estate tax return, and that the failure to accomplish timely filing was therefore due to reasonable cause. Once again, we must hold againt the petitioner on this point. The statute provides no leeway or escape from its mandatory provisions, as in other sections of the Code, cf. section 6651(a)(1). Although we are sympathetic to petitioner's plight, we simply have no authority to alter the Congressional requirements, as clearly expressed in section 2032A(d)(1). There is no "reasonable cause" exception available to petitioner here. The instant case is on all fours with the case of Estate of Boyd v. Commissioner,T.C. Memo. 1983-316, and for the reasons stated therein, we think the same result is dictated. See also Teubert v. United States,     F. Supp.    , 83-1 USTC par. 13,513, 51 AFTR 2d 83-1340 (D. Minn. 1983). [5]
*500 One further matter remains to be addressed. In presenting the above issue to us for decision, the parties stipulated that it was the only issue remaining in controversy between them. Although said stipulation makes specific disposition of other issues raised in the petition herein, it does not mentioned the issue concerning petitioner's claimed right to elect deferred payment of the Federal estate tax under section 6166A. Whether we accept the stipulation of the parties as constituting a concession by petitioner of this issue, or whether we deem the failure to mention it as an oversight by both parties and not comprehended within the stipulation, however, we cannot decide this issue because we lack jurisdiction. Estate of Sherrod v. Commissioner, 82 T.C.     (filed March 26, 1984). There being no material facts in dispute, the case may be appropriately decided upon a motion for summary judgment as a matter of law, and respondent's motion is therefore to be granted. Rule 121. An appropriate order and decision under Rule 155 will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect at the relevant times in issue herein, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted. ↩
2. Petitioner did not appear, but filed a written opposition to respondent's motion.↩
3. Respondent's rejection of petitioner's election under section 6166A↩ was not explicitly made in respondent's statutory notice of deficiency, but was implicit in respondent's determination of a deficiency without consideration of such installment payment provisions.
4. The petition refers to an election under section 6166. This was clearly a typographical error, since the estate tax return and its attachments, which are in evidence, show that petitioner attempted to make an election under section 6166A↩.
5. We have reached the same result in cases construing substantially identical language in section 2032(c). Estate of Bradley v. Commissioner,511 F.2d 527 (6th Cir. 1975), affg. a Memorandum Opinion of this Court; Estate of Ryan v. Commissioner,62 T.C. 4 (1974); Estate of Flinchbaugh v. Commissioner,1 T.C. 653 (1943); Estate of Archer v. Commissioner,T.C. Memo. 1984-57↩.