ESTATE OF MAXINE ROBINSON DIXON, ROBIN DIXON, EXECUTOR, ANDREW H. CHANDLER, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Dixon v. Commissioner
Docket No. 4743-88
United States Tax Court
T.C. Memo 1990-17; 1990 Tax Ct. Memo LEXIS 17; 58 T.C.M. (CCH) 1165; T.C.M. (RIA) 90017; January 11, 1990; As Corrected January 11, 1990 Sol Spielberg, for the petitioner. Larry D. Anderson, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by means of a statutory notice of deficiency, determined a $ 55,497 Federal estate tax deficiency for the Estate of Maxine Robinson Dixon (estate). Due to various concessions and agreements of the parties, one issue remains for our consideration. Petitioner seeks to utilize the alternative *18 valuation date under section 2032. [1] Prerequisite to the estate's entitlement to use the alternative valuation date, is an election made in an estate tax return "filed within the time prescribed by law or before the expiration of any extension of time" to file. We must decide whether the estate met the filing requirement. FINDINGS OF FACT The parties entered into a stipulation of facts, along with attached exhibits, which is incorporated by this reference. The executors resided in Marietta, Georgia, at the time the petition was filed in this case. Maxine Robinson Dixon (decedent) died on December 17, 1983. The Federal estate tax return was due to be filed nine months later on September 17, 1984, a Monday. On September 14, 1984, the Friday before the estate tax return due date, Sol Spielberg (Spielberg), preparer of the estate's return and representative of petitioners herein, signed and submitted a Form 4768 (Application for Extension of Time to File U.S. Estate Tax Return and/or Pay Estate Tax) to respondent requesting an extension for filing *19 to November 17, 1984, a Saturday. A $ 105,000 estimated tax payment was submitted along with the request for an extension. The request was approved on behalf of respondent on October 22, 1984, by William B. Hartlege (Hartlege). On November 12, 1984, Spielberg signed and submitted two Forms 4768, which, on their face, again sought extension to file to November 17, 1984, and extension to pay to March 16, 1985. These two forms contain a number of inconsistencies. Both are signed by Spielberg on November 12, 1984, but one is approved for respondent by Sylvia W. Wren (Wren) on December 31, 1984, and the other is approved for respondent by Hartlege on December 31, 1984. Hartlege was the Director of respondent's Service Center and Wren was the Assistant Director of the same facility. The form approved by Hartlege had no conditions with respect to extension for filing or payment. The form approved by Wren had no condition with respect to the extension for filing, but set forth the requirement that the "return must be filed timely" as a condition to the extension for payment. Although both forms contained requests to extend the time for payment to March 16, 1985, neither form reflected *20 that there would be any shortage of payment and both estimated that the estate tax would be $ 105,000, the amount already paid with the first request for an extension dated September 14, 1984. Both November 12, 1984, requests seek to extend the return filing date to November 17, 1984, the date already approved by Hartlege on October 22, 1984. Both of the November 12, 1984, requests provide, as "Reason for request - Inability to secure all of the information needed by due date." On January 9, 1985, the Form 706 (United States Estate Tax Return) was executed by the executors and Spielberg, as preparer, and mailed to respondent. Respondent received the return on January 14, 1985. Forwarded with the estate tax return was a check for $ 35,013 "covering balance of Tax due" per Spielberg. OPINION We are concerned here with the question of whether the estate tax return in this case was either timely filed or filed within any granted extensions to file. If the return was not timely filed or filed within granted extension time, then the estate will not be entitled to elect the alternative valuation date under section 2032. *21 Section 2032(c) provides that the election to use the alternative valuation date "shall be exercised" on the estate tax return "filed within the time prescribed by law or before the expiration of any extension of time granted pursuant to law for the filing of the return." As an initial matter, petitioners have referred us to section 2032(d)(2) which provides that "No election may be made under [section 2032] if [the estate tax return] is filed more than 1 year after the time prescribed by law (including extensions) for filing such return." Section 2032(d)(2) was added by section 1024(a) of Public Law 98-369, July 18, 1984, and is effective (section 1024(b)(1) of Pub. L. 98-369, 98 Stat. 1030) for estates of decedents dying after July 18, 1984. Decedent in this case died on December 17, 1983, and accordingly, petitioner is not entitled to rely upon the provisions of section 2032(d)(2). The estate tax return in this case was not "filed within the time prescribed by law" and, accordingly, we must decide whether it was filed "before the expiration of any extension of time granted pursuant to law for the filing of the return." Petitioner advances two basic arguments in support of *22 its position that the return was filed at a time which would permit the election of the alternative valuation date. First, it argues that its representative intended to extend the filing time to March 16, 1985, which, although he signed requests which contained November 17, 1984, extension dates, could have been determined to be incorrect by respondent's comparison with the prior request for extension. Second, petitioner argues that respondent's approval of its November 12, 1984, requests for extension are, in essence, disapprovals which would place them within the special provision of respondent's Revenue Ruling 64-214, 1964-2 C.B. 472. The entire direct testimony of petitioner's representative, Spielberg, was as follows: On November 12, 1984, my secretary, at my direction, prepared an additional extension of time for filing the estate tax return of Maxine Dixon. I instructed her that we wanted to get an additional extension of time until March 16, 1985, because we did not have all of the information available. Based on my verbal instructions, she prepared the [request for extension], and I signed it based on those facts. On cross-examination, Spielberg was *23 vague about his proofreading practices, but he admitted signing the second requests dated November 12, 1984. Spielberg was also vague about the existence of two different November 12, 1984, requests for extension. Although there were some inconsistencies between the two requests dated November 12, 1984, there was nothing patently inconsistent about the chronological sequence on each document. Each document was executed November 12, 1984, and requested extensions to file to November 17, 1984, and extensions to pay to March 16, 1985. Respondent's agents approved both of the requests on December 31, 1984. It appears that requests to extend the time within which to file estate tax returns or pay estate tax are not coordinated or compared by respondent with other requests by the same taxpayer concerning the same return to be filed. Petitioner argues that respondent would have known that the request for a November 17, 1984, extension was in error if respondent had compared the November 12, 1984, request with the September 14, 1984, request, which also sought extension to file to November 17, 1984. Respondent contends that petitioner's argument is ironic in that it was petitioner's *24 representative's inattention to detail and errors on the documents that caused the problem. The error here, if any, was made by Spielberg's inattention to detail and/or delegation of his responsibility to his secretary. The record is clear that the extensions to file the estate tax return were sought and approved only until November 17, 1984, and the return was not executed until January 9, 1985, or received by respondent until January 14, 1985. Nothing in the record causes us to conclude otherwise. Section 2032(c) requires a timely filed return or one within the time of a granted extension to file. The "timely filed" requirement has been strictly construed in connection with the election of the alternate valuation date and has been consistently applied over the years. See Estate of Ryan v. Commissioner, 62 T.C. 4, 10 (1974); Estate of Downe v. Commissioner, 2 T.C. 967, 970-971 (1943); Estate of Flinchbaugh v. Commissioner, 1 T.C. 653, 655 (1943); Crissey v. United States, an unreported decision ( N.D. N.Y. 1980, 45 AFTR 2d 80-1754, 80-1 USTC par. 13,335). *25 [2] Some of these cases held that the alternate valuation date election was not available even though the failure was due to mistake or even where there was reasonable cause for the late filing. The circumstances of this case are straightforward and do not present any reason for varying from long-established precedent. Petitioner's final argument concerns Revenue Ruling 64-214. That ruling provides, in certain situations, for a 10-day grace period within which to make a "timely" election in situations were a taxpayer has sought an extension to file and the request is denied. *26 Petitioner argues that it should have had 10 days from December 31, 1984. Petitioner makes this argument even though its requests for extension were granted, because, as petitioner contends, the circumstances here were, in essence, a denial of the extension it intended. Petitioner's argument is based upon the same type of nonsequitur as its first position because the extensions sought were granted. Any other interpretation would be fiction. We hold that the estate tax return for the Estate of Maxine Robinson Dixon was not timely filed or filed within the extension period concluding November 17, 1984, as required in section 2032(c). We accordingly hold that the estate is not entitled to elect the alternate valuation date under section 2032. To reflect the foregoing and concessions of the parties, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code, as amended and in effect for the period involved in this controversy.↩
2. See also Estate of Archer v. Commissioner, T.C. Memo. 1984-57; Estate of Carpousis v. Commissioner, T.C. Memo. 1974-258; Estate of Bradley v. Commissioner, T.C. Memo. 1974-17, affd. per order 511 F.2d 527 (6th Cir. 1975); Estate of Fisk v. Commissioner, a Memorandum Opinion of this Court dated Jan. 28, 1952 (11 T.C.M. 77, 21 P-H Memo T.C. par. 52,018), revd. on other grounds 203 F.2d 358↩ (6th Cir. 1953)