LOUIS C. GERKEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gerken v. Commissioner
Docket Nos. 21220-89, 24981-89
United States Tax Court
T.C. Memo 1991-17; 1991 Tax Ct. Memo LEXIS 17; 61 T.C.M. (CCH) 1691; T.C.M. (RIA) 91017; January 17, 1991, Filed *17 Decisions will be entered under Rule 155. Peter S. Buchanan, for the petitioner. Kevin G. Croke, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1985
$ 25,133
$ 1,257
* --
--
$ 6,283.00
1986
45,535
--  --
$ 2,276.75
* 11,383.75
Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the years in issue. After concessions, the issue remaining for decision is the extent to which petitioner is liable for the additions to tax for negligence under section 6653(a)(2) for 1985 and section 6653(a)(1)(B) for 1986. Petitioner has conceded that he is liable for the additions to tax under section 6653(a)(1) for 1985 and section 6653(a)(1)(A) *18 for 1986. Thus he has acknowledged that some portion of the underpayment for each year is due to negligence. He contends, however, that not all of the underpayments are due to negligence and that, therefore, only part of the underpayments are subject to the time-sensitive portions of the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Further, some of the issues have been settled and the stipulation of settled issues is incorporated in our findings by this reference. Petitioner resided in Mill Valley, California, at the time the petitions in these cases were filed. Petitioner received a bachelor's degree in business from the University of Redlands; he received an M.B.A. in Finance from Southern Methodist University in 1974. In 1979, petitioner formed Telecommunications Consulting Group (TCG), a sole proprietorship. Petitioner ceased operation of TCG in 1981. In 1985, petitioner was employed by Montgomery Securities and later by Prudential Bache Securities. Petitioner earned $ 22,141.02 and $ 100,782.23, respectively, from those employers in 1985. In *19 1986, petitioner was employed by Prudential Bache Securities and earned $ 175,714.51. Petitioner subsequently formed his own investment banking firm. Prior to 1985, petitioner borrowed money from his uncle, Frederick A. Gerken, and from Barton C. Marcy. Barton C. Marcy was vested with petitioner's power of attorney. The loans between Barton C. Marcy and petitioner were demand loans with a stated rate of interest. The total amount of those demand loans was $ 46,200. Barton C. Marcy was repaid in full on April 19, 1988. A letter dated April 19, 1988, addressed to petitioner from Barton C. Marcy stated: This letter will confirm that with the receipt of your check in the amount of $ 13,110 you have completed the repayment of your $ 58,851 debt to me. The total reflects the six personal notes you had outstanding with me totaling $ 46,200 and an additional $ 12,651 in reimbursable expenses. [Emphasis added.]
In a schedule dated September 19, 1980, petitioner acknowledged receipt of $ 38,000 from Frederick A. Gerken. That schedule stated: Receipt is acknowledged of $ 38,000 as a personal loan, which amount is due and payable on demand with interest *20 at the rate of 10% per annum. Interest to be calculated from the dates and on the amounts enumerated below. [Emphasis added.]
An affidavit prepared by Frederick A. Gerken and notarized by Naomi C. Gerken in June 1987 stated that the outstanding loan balance at January 1, 1985, was $ 52,650. In 1986, on behalf of petitioner, Barton C. Marcy wrote three checks totaling $ 27,500 to Frederick A. Gerken from an account bearing Barton C. Marcy's name. Frederick A. Gerken was repaid in full on February 21, 1989. Petitioner prepared his own Federal income tax returns for the years in issue. On his 1985 and 1986 Schedule C's, petitioner reported the income and expenses of TCG along with the income and expenses of two other businesses. Petitioner prepared a schedule in support of his claimed 1985 Schedule C deductions. Petitioner also prepared a schedule in support of his claimed 1986 Schedule C deductions. The 1986 schedule listed, among other things, $ 488.60 for car and truck expenditures, $ 500.55 for insurance, $ 5,255.01 for legal and professional fees, $ 1,605.05 for repairs, $ 1,365.87 for utilities expenses, $ 3,492.53 for gas tolls and parking, and $ 7,323.26 for *21 travel and entertainment. Petitioner has conceded that he failed to report a $ 1,663 refund of State income taxes on his 1985 Federal income tax return. On his 1985 Schedule C, petitioner claimed expenses of $ 40,206. Respondent disallowed those expenses. Petitioner has conceded $ 33,606 of that amount, and respondent has conceded $ 6,600. On his 1985 Schedule A, petitioner claimed $ 21,000 as interest expenses. Petitioner has conceded $ 15,000 of that amount. On his 1986 Schedule C, petitioner claimed, among other things, (1) a $ 75,000 bad debt deduction; (2) $ 2,683 for transportation expenses; (3) $ 605 for insurance expense; (4) $ 997 for repairs expense; (5) $ 6,992 for travel and entertainment expenses; and (6) $ 1,214 for utilities and telephone expenses. Respondent disallowed those expenses. Petitioner has conceded $ 57,000 and respondent has conceded $ 18,000 of the bad debt deduction. Petitioner has conceded the entire amount of the travel and entertainment expenses, transportation expenses, repairs expenses, and utilities and telephone expenses. Petitioner has conceded $ 359 and respondent has conceded $ 246 of the insurance expense. Mike Patterson (Patterson), *22 a partner in the accounting firm of Price Waterhouse, provided oral advice to petitioner regarding petitioner's 1986 bad debt deduction. Patterson provided that advice based on facts provided by petitioner. Patterson later represented petitioner in an audit of petitioner's 1986 Federal income tax return. On May 13, 1987, Patterson prepared an "IRS Exam Memo" describing the advice that he provided to petitioner with respect to the 1986 bad debt deduction. That memorandum stated: it was while he [petitioner] was the President and a major stockholder at TGC [sic] International Ltd., that the company suffered severe losses. At the end of 1982, TGC [sic] International Ltd. was in debt to two unrelated companies for $ 400,000. Mr. Gerken, to protect his livelihood and business reputation, has over the last few years been repaying the debts of TGC [sic] International Ltd. ($ 75,000 was paid by Mr. Gerken in 1985). * * * Case law has further stated that loans to corporations generally must be treated as nonbusiness loans because the business of the stockholder and that of the corporation are distinct. In contrast to these generalities, specific case law sights [sic] instances *23 where these general rules do not apply. * * *
* * * * * * If he [petitioner] had not voluntarily accepted the responsibility for these debts, it is clear that he would be unable to procure or keep appropriate employment in the investment banking area. As such, it is the taxpayer's contention that he is entitled to the deductions taken on his 1985 tax return as ordinary and necessary expenses incurred in carrying on his trade or business as an investment banker ( IRC Section 162(a)).
OPINION Sections 6653(a)(2) and 6653(a)(1)(B), for the years in issue, provide for an addition to tax equal to 50 percent of the interest on the portion of an underpayment that is due to negligence. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985).Generally, the addition to tax for negligence is not imposed where a taxpayer's deductions are taken in good faith and based on the advice of a competent tax expert. Otis v. Commissioner, 73 T.C. 671, 675 (1980), affd. without published opinion 665 F.2d 1053 (9th Cir. 1981).Petitioner bears *24 the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure.
Bad Debt Deduction
Petitioner reported $ 75,000 as a bad debt deduction on Schedule C of his 1985 return. Petitioner has now conceded $ 57,000 of that amount. Petitioner testified that he received loans from Frederick A. Gerken and Barton C. Marcy and that he used those loan proceeds to help finance TCG. Petitioner further testified that the bad debt deduction is comprised in part of repayment of those loan amounts. Petitioner submitted copies of checks purporting to represent payments he made to Frederick A. Gerken and loan schedules and other documents purporting to verify the existence of loans to petitioner. The loan schedule prepared by petitioner stated that the loan was a personal loan. A letter acknowledging repayment of the loan proceeds to Barton C. Marcy stated that the loan was a personal loan. Assuming that loans existed and that petitioner repaid the loan amounts during the years in issue, petitioner has not provided any tenable argument that the loan repayments were deductible as ordinary and necessary expenses incurred in carrying on a trade or business or as a bad debt. See *25 secs. 162(a) and 166. Petitioner prepared his own tax returns for the years in issue. Petitioner testified that he consulted Patterson, a partner in an accounting firm, regarding the deductibility of the repayment of those loans. Petitioner submitted the "IRS Exam Memo" prepared by Patterson into evidence. He testified that the memorandum reflected the oral advice petitioner received from Patterson at the time petitioner prepared his 1986 return. The memorandum stated that petitioner was making payments on behalf of TCG in order to preserve his reputation in the financial community and that the payments were thus ordinary and necessary deductible expenses under section 162(a). The memorandum assumed that TCG was a corporation and that TCG had two unrelated corporate creditors who were owed $ 400,000. TCG was a sole proprietorship, and petitioner's loan repayments were made to two individuals, Frederick A. Gerken and Barton C. Marcy. The authorities cited in the memorandum were inapplicable to an individual in petitioner's position. Because of petitioner's business education and experience, he was certainly aware of the difference between a sole proprietorship and a corporation. *26 The advice provided to petitioner was thus based on erroneous facts provided by petitioner, and any reliance on that advice by petitioner was not reasonable. Yale Avenue Corp. v. Commissioner, 58 T.C. 1062 (1972); Fourth & Railroad Realty Co. v. Commissioner, 25 T.C. 458 (1955). Finally, petitioner contends that he disclosed his position with respect to the bad debt deduction on his 1986 Federal income tax return. That alleged disclosure consisted solely of listing $ 75,000 on his Schedule C as a bad debt deduction. Such disclosure was not sufficient to relieve him of liability for the additions to tax for negligence. Compare Warrensburg Board & Paper Corp. v. Commissioner, 77 T.C. 1107, 1112 (1981). Other Expenses
Petitioner submitted a schedule purporting to describe the preparation of his 1986 Schedule C. Despite petitioner's testimony that he used the schedule to support his claimed deductions, none of the amounts in the schedule matches the amounts claimed on petitioner's Schedule C. Petitioner prepared a similar schedule for 1985; however, the schedule submitted into evidence is illegible in part and, in any event, does not in each case list when and *27 to whom items of expense were paid. Petitioner offered no reliable testimony as to what amounts he used from the schedules in preparing the returns. Rather, petitioner asserted that he used percentages of the amounts listed on the schedule based on what he thought was properly deductible. Petitioner testified with respect to the travel and entertainment expense deductions as follows: Q When you're saying travel and entertainment expenses, what purposes are those travel and entertainment expenses? A They fell into four categories. One category was related to the Telecommunications activity where I still had a lawsuit -- I had a lawsuit against me and I had a lawsuit against a former client to collect a receivable, so they were the travel expenses in connection with trying to see that to completion. Number two, they were related to investment banking activities that I was trying to conduct on my own account, to try to generate the income to pay back bills. Number three, they reflected expenses associated with an interior design business that I started as well. And finally, they reflected expenses -- expenses reflected those expenses which were not reimbursed by my employer, *28 but which the employer -- but which I understood were tax deductible. So there were four categories of expenses.
Even if the amounts about which petitioner testified were deductible, deductibility of those expenses is contingent on substantiation. See sec. 274(d). Petitioner did not substantiate any of his claimed deductions. Finally, petitioner has demonstrated an intentional disregard for rules and regulations by intertwining the income and expenses of three different businesses on his Schedule C's for the years in issue, as follows: Q Now you testified that you read the instructions on your -- when filling out your 1040 for 1985 and 1986. Is that correct? A I reviewed those, yes. Q You reviewed them. And it was your understanding from reading those instructions that you could report three separate businesses on a Schedule C? A No. Q But you did so anyway? A Yes.
Conclusion
Petitioner has failed to meet his burden of proving that he was not negligent with respect to any of the amounts he claimed as deductions beyond those conceded by respondent. Further, petitioner has not proven that his failure to report a State tax refund was not *29 due to negligence. Accordingly, petitioner is liable for the additions to tax under sections 6653(a)(2) and 6653(a)(1)(B) for the years in issue with respect to all disallowed amounts. Due to concessions, Decisions will be entered under Rule 155. Footnotes
*. Amounts to be determined.↩